## 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

### BOYERS vs. CRANE, Auditor.

#### July Term, 1865.

1. The State is concluded by the acts of her officers, which are within the scope of their authority ; and the legality of their acts is the subject of judicial inquiry, and not of legislative enactment.

2. The legislature cannot give a matter the force and effect of law, by the passage of a joint resolution in relation thereto, when such matter is properly the subject of enactment.   Such action being in contravention to the 1st section of article IV of the constitution providing that the style of the acts of the legislature shall be, "Be it enacted by the legislature of West Virginia."

3. The salary of the Governor, Secretary of State, Auditor and Treasurer, held to commence on the 4th of March, 1863.

*J. Edgar Boyers*, Secretary of State of *West Virginia* filed his petition in the circuit court of *Ohio* county on the 18th day of March, 1864, alleging that he had been, prior to the first day of October, 1863, duly elected to the office of Secretary of State; that he had faithfully discharged the duties thereof; that on the first day of January, 1864, there was due him on account of services in said office 325 dollars; and that he had, on the 4th day of January, 1864, presented his claim for payment to the Auditor of the State, who disallowed the same and refused to pay it.   He asked that process might issue against *Samuel Crane*, the Auditor, to show cause why judgment should not be rendered against the State for said sum, with interest from the first of January, 1864.

On the return of the process, *Crane*, auditor, appeared in court and filed his answer to the petition, stating that he had disallowed the claim of the plaintiff; that on the 10th of August, 1863, the Secretary drew compensation from the treasury, for services, for the period of time between the 4th day of March, 1863, and the 20th day of June, 1863, at the

July Term,                    Boyers vs. Crane.                    1865.

rate of 1,300 dollars per annum; and that he had not refunded the same as required to do by the joint resolution of the legislature of the State, passed on the 12th day of November, 1863, which provided that the Secretary was not to receive any further compensation for services, until he did so refund to the treasury. That on the 10th day of August, 1863, he paid to the Secretary 433 dollars on account of his salary, which he then regarded as due him by virtue of the* ordinance of the convention providing for the organization of the State of *West Virginia,* passed February 19th, 1863; that on the 1st of October, 1863, he paid the Secretary the further sum of 325 dollars on account of salary, which together with the amount previously paid made the sum of 758 dollars, which would entitle him to the amount sued for if the court was of opinion that the term of office and the date from which the salary began to accrue should be the 4th of March, 1863; unless the court should regard the joint resolution passed November 12th, 1863; as also a resolution passed † October 15th, 1863, by the legis-

---

* The section of the ordinance relating to this subject is as follows :

The terms of office of the persons then to be elected shall commence on and include the sixty-first day from the date of said proclamation ; but shall continue and be computed, as if the same had begun on the first day of January, one thousand eight hundred and sixty-three ; except that the terms of the Governor, Secretary of State, Treasurer and Auditor, shall continue, and be computed, as if the same had begun on the 4th day of March, one thousand eight hundred and sixty-three.

† WHEREAS, it appears by the recent report of the committee on executive offices, that the auditor and secretary of the state had, on the first and second days of this month, over-drawn from the treasury, the former the sum of four hundred and fifty-four dollars, and the latter the sum of three hundred and ninety-three dollars and twenty-eight cents, alleging such over-drafts to be due to them respectively, for their salaries from the fourth day of March to the twentieth day of June last, the latter being the day on which the State was inaugurated and the constitution thereof first came into operation ;

And WHEREAS, the legislature, by a joint resolution, which finally passed on the fourteenth day of October, eighteen hundred and sixty-three, have formally declared, that "the terms of all officers, legislative, executive and judicial, elected on the twenty-eighth day of May last, began on the twentieth day of June following, and not previously," and that "no such officer is, or was at any time, entitled to salary or compensation for any time preceding the twentieth day of June in the present year ;" therefore

*Resolved by the Legislature of West Virginia,*

1. Any officer who has drawn from the treasury of the State, or in any way received compensation as such officer for any time previous to the twentieth day of June last, is hereby required, within ten days from the passage of this resolution, to refund the same to the governor, to be by him deposited in the treasury to the credit of the proper appropriation.

2. No officer failing to comply with the requisition of the foregoing resolution,

lature, and binding and obligatory upon the court in the construction of the ordinance of the convention; and in that event, should the court be of opinion that the salary of the Secretary began on the 20th day of June, 1863, (the time when the sixty days expired as fixed in the proclamation of the President of the *United States*, and provided for by the act of Congress, admitting the State of *West Virginia* in the Union,) then the Secretary had been over-paid in the sum of 68 dollars and 95 cents, and that judgment should be had against him for that amount.

The plaintiff demurred to the answer as insufficient; but the court overruled the demurrer, and dismissed the petition with costs : to which the plaintiff excepted.

The plaintiff petitioned this court for an appeal, which was allowed.

*Samuel Crane* and *N. Richardson*, for plaintiff in error.
*Attorney General Hall* for the State.

BROWN, J.   By the constitution, the office of Secretary of State was to commence on the 4th day of March, 1863, and continue for the term of two years, at a salary of 1,300 dollars per annum.   And by the ordinance of February 19th, 1863, the sole object of which was to put the government into operation, the said office, though in fact beginning on the 20th day of June, 1863, was to continue and be computed from the 4th of March, 1863; and so the term of two years expired on the 4th of March, 1865, instead of 1866, as it otherwise would have done but for said ordinance.   And the question is, if the term of office is to be computed from the 4th of March, 1863, to fix its duration and end, shall or not, the term be computed from the same day to fix the salary prescribed for that term?   If the language in the same sentence is to be construed to have the same meaning, whether in ascertaining the duration of the office, or the

shall be entitled to draw or receive from the treasury for his own use, any sum of money whatever, whether on account of his salary, or as compensation for his official services, until the money improperly drawn from the treasury by him as aforesaid, is made good.

computation attached to it, then it is very clear that the term of office is to be computed from the 4th of March, 1863, and the salary likewise.

It would look a little inconsistent for the State to say to the Secretary, you shall compute from March to eke out your official term, but you shall not compute from the same date to eke out your salary prescribed by the constitution, for the same term. In other words, that the same words in the same sentence, shall be used in a different sense when applied to the duration of your office, and the salary attached to it. Such a construction would be to blow hot and cold in the same breath, and illy comport with the dignity and fame of the new commonwealth.

The strict legal right of the Secretary to his whole salary would, therefore, seem clear and unquestionable, however exceptionable may be the policy of construction, terms and salaries; though the more excusable, as it would seem, in the ordinance under consideration, because it was temporary in its nature and not to be repeated: and results from the necessity and difficulty of starting a new government into life at the same instant, with different offices beginning and ending at different times, without the results of the contingency having been foreseen, or at least specially provided against; as doubtless would have been the case if the convention that framed both the constitution and the ordinance had intended a different meaning to be attached to the same words in the same sentence, when applied to different subjects.

The record in this case shows that the salary for the period controverted was actually settled and paid by the auditor, who is the proper officer to settle and adjust all claims against the State. And being so settled and paid the State is concluded by the act of her officer. 11 Leigh, 334. And being so settled and paid, could only be judicially reviewed by a court of competent jurisdiction, and not by the legislature. Const. West Virginia, art. 1, sec. 4.

Again, being a claim settled and adjusted between the parties, and actually paid, it was a contract executed, and could

no more be violated by one party than the other.   Const. West Virginia, art. 11, sec. 1.   Const. U. S., art. 1, sec. 2. *Dartmouth College case*, 4 Wheat.

By art. 4, sec. 1, const. of West Virginia, the legislative power is vested in the Senate and House of Delegates, and the style of their acts is required to be, " Be it enacted, &c." Now the joint resolution which forbids the Auditor to pay the Secretary the residue of his salary subsequent to July 1st, 1863, and which attempts to set off the amount so withheld, against the amount previously paid him, for the quarter preceding, is in conflict with all of these provisions of the organic law and is therefore void.

I am, therefore, of opinion to reverse the judgment of the circuit court and enter judgment for the petitioner.

The other judges concurred with Brown, J.

JUDGMENT REVERSED.