# IN THE MATTER OF THE APPLICATION OF JAMES RYAN FOR A WRIT OF HABEAS CORPUS.

(Submitted May 28, 1897.  Decided June 21, 1897.)

*Statutes—Title of Bill—Justice of the Peace, Jurisdiction.*

Where the purpose of a bill is manifestly to harmonize and revise generally sections of the law referring to the same subject, it is not necessary to mention specifically in the title of the bill the several sections proposed to be amended or repealed ; in such a case it is sufficient to state in the title that it is a bill for an act to revise the laws pertaining to that subject; and the fact that the title of the bill, specified certain sections and did not mention one which was repealed in the body of the bill, does not render the appeal void, under Section 23 Article 5 of the Constitution which provides that "no bill, except general appropriation bills, and bills for the codification and general revision of the laws, shall be passed containing more than one subject which shall be clearly expressed in its title, etc."

SAME—*Held*, accordingly, that, under Section 4911 of the Political Code, a Justice of the Peace has jurisdiction of misdemeanors committed in a town or city within his township.

PETITION of James Ryan for a writ of habeas corpus.  Denied.

*W. S. Shaw* and *Rodgers & Rodgers*, for Petitioner.

*C. B. Nolan*, for Respondent.

BUCK, J.—The petitioner was found guilty of vagrancy, and sentenced to the county jail by a justice of the peace of Anaconda Township, in Deer Lodge county.  The acts constituting the offense were all committed within the limits of the incorporated City of Anaconda.  Because of this fact, it is claimed that said justice had no jurisdiction of the offense.

Prior to the presentation of the proposed Codes of 1895 for adoption by the legislature of the state, the magistrate of a city and a justice of the peace of the same township had concurrent jurisdiction of misdemeanors committed within the limits of the city.  The Political Code, as recommended by its framers, and as originally approved on February 25, 1895, by section 3466 thereof, vested exclusive jurisdiction of misdemeanors committed within the limits of cities in police

magistrates.    At the same session of the Legislative Assembly which adopted the Codes, House Bill No. 291 was passed and approved.    In the body of this bill, by Section 14 thereof, concurrent jurisdiction of such offenses was again vested in police magistrates and justices of the peace.    The title of the bill recited that it was an act to amend certain sections of the Political Code which pertained to municipal corporations, and to repeal certain sections of an act to amend the laws relating to municipal corporations, passed by the Third Legislative Assembly of the State of Montana in 1893.    This title, however, was silent as to any intended amendment of Section 3466, *supra.*    It is claimed for this reason that, under Section 23, Art. 5, of the Constitution of the State of Montana, there was no repeal or amendment of Section 3466, *supra.*

Section 23, Art. 5, of the Constitution, is as follows :    ''No bill, except general appropriation bills, and bills for the codification and general revision of the laws, shall be passed containing more than one subject which shall be clearly expressed in its title; but if any subject shall be embraced. in any act which shall not be embraced in the title, such act shall be void only as to so much thereof as shall not be so expressed. ''

After the Fourth Legislative Assembly of the state convened in 1895, most of its time was devoted to the consideration of the four new Codes, which had been prepared by a commission appointed for the purpose.    This commission was appointed in 1889, prior to the time in that year when Montana became a state.    Its work was completed, and all four of the Codes filed with the Secretary of State, on February 4, 1892.    The Third Legislative Assembly of the State, which met in 1893, took no action in reference to the adoption of these codes, but proceeded to enact numerous laws, both on new subjects and amendatory of prior statutes.    The task of the Fourth Legislative Assembly was a most arduous one.    It was essentially a session of codification and general revision of all the laws of the state, both those which had been carried forward from the Session Acts of the Territory, and those which had been enacted at the third session of 1893.

The four proposed codes—the Civil Code, Code of Civil Procedure, Penal Code and Political Code—had to be carefully inspected, and it had to be determined which of the sections thereof should be eliminated, which should be enacted into laws, which should be made to conform to the acts of the Third Legislative Assembly, and which should be changed to meet such further laws as this assembly had convened to enact. Under these conditions, House Bill No. 291, *supra*, was introduced. From the title and body of the bill, it is manifest that the purpose of its introduction was incidental to the codification and general revision of all the laws in force. Under these circumstances, it is a very grave question as to whether or not there was any necessity, under Section 23, Article 5 of the Constitution, *supra*, that the title of said bill should specifically designate said Section 3466 for the purpose of amending it.

The bill, in substance and purpose, was a bill for the codification and revision of the general laws governing municipal corporations. This question, however, we do not deem it necessary to decide, under the view we entertain of the law applicable to this case. The title of this House Bill No. 291 attempts elaborately to designate numerous sections of the Political Code pertaining to municipal corporations, and sections of the act of 1893 amendatory of previous laws on the subject. So far as its title was concerned, it would have been amply sufficient to have designated therein that it was an act to revise the laws pertaining to municipal corporations. Manifestly, the fact that there was no reference in the title to Section 3466, *supra*, was due to a mere clerical oversight. The intention of the legislature is clear. Its purpose in enacting House Bill No. 291 was manifestly to harmonize and revise generally the sections in the Political Code and in the act of 1893 pertaining to municipal corporations. From the title, as contained in the bill, it can be fairly inferred that such was the purpose of the bill. Anyone reading this title could not reasonably have been misled as to the subject of the bill. Under these conditions, it would be an extremely technical

construction to hold that, because there was no specific reference in this title to Section 3466, it is still a law in force. We hold that Section 14 of said House Bill No. 291 amended and supplanted said Section 3466, and that said Section 14, which appears in the Political Code as it now stands amended and published as Section 4911, is the law that must be looked to, to ascertain definitely the jurisdiction of police courts in towns and cities.

Other sections of the Codes give justices of the peace general jurisdiction of misdemeanors committed in their respective counties, and Section 4911 expressly declares that the jurisdiction of police courts of misdemeanors committed in cities is concurrent with that of justices of the peace. It also expressly declares that a police magistrate shall have the same jurisdiction as is now conferred upon a justice of the peace, in addition to such jurisdiction in criminal matters. This view of the law disposes also of the mooted question as to whether or not a police magistrate has any jurisdiction in civil cases.

The petitioner is not entitled to be discharged from his confinement. His application for a writ of habeas corpus is denied, and he is remanded to the custody of the sheriff of Deer Lodge county.

PEMBERTON, C. J., and HUNT, J., concur.