STATE, RESPONDENT, *v.* COURTNEY, APPELLANT.

(No. 1,760.)

(Submitted January 5, 1903.   Decided January 21, 1903.)

*Statutes—Implied Repeal—Constitution—Enactment of Statutes—Subject Expressed in Title—Sufficiency—Amendatory Act—Liquor Licenses.*

1. Political Code, Section 4063, declares that every person who sells intoxicating liquors in less quantities than one quart must obtain a license at specified rates therefor.  Section 4064 provides that every person who, at a fixed place of business, sells any merchandise, wines or liquors, shall pay a license of a smaller sum.  Section 4065 declares that the sale of liquors by persons licensed under the preceding section must not be in less quantity than one quart.  House Bill No. 162 of the session of 1897, was entitled, "An Act to amend Sections 4063, 4064, 4065, 4068 and 4083 of the Political Code," etc., and Section 4063 was in fact amended by putting sellers of all kinds of intoxicating liquors into two classes, towit, those who sell in quantities less than one quart, and those who sell in quantities not less than one quart.  Section 4064, though mentioned in the title of the amendatory act, was not mentioned in the body of the act; but Section 4065 was amended so as to leave out all reference to Section 4064, and those who sell liquors under the provisions of that section.  *Held,* that, though not mentioned, Section 4064 was amended by implication, so that after the passage of the act of 1897 a person was not entitled to sell liquors under the merchant's license provided for in Section 4064.

2. As Section 4064 was impliedly amended so as to remove wholesale liquor dealers from the purview of that section, there is no conflict between it and Section 4063, so that Section 5165, declaring that, if conflicting provisions are found in different sections of the same chapter or article, the provisions of the section last in numerical order must prevail, etc., does not apply to the two sections.

3. House Bill No. 162 of the legislative assembly of 1897 was entitled "An Act to amend Sections 4063, 4064, 4065, 4068 and 4083 of the Political Code, and to add to Article II, Chapter XII, Title X, Part III, of the Political Code, a section to be numbered 4084 regarding licenses." ·  The sections referred to contained provisions relative to licenses of wholesale and retail liquor dealers and retail merchants, etc.  *Held,* that the subject of the act was clearly expressed in its title, so as not to be within the prohibition of Constitution, Art. V. Section 23, declaring that no bill shall be passed containing more than one subject, which shall be clearly expressed in its title.

4. Under the direct provisions of Constitution, Art. V, Section 23, declaring that no bill shall contain more than one subject, which shall be expressed in its title, if any subject is embraced in an act which is not expressed in its title, such act is void only as to so much as is not so expressed.

5. House Bill No. 162 of the legislative assembly of 1897 is entitled "An Act to add to Art. II, Chapter XII, Title X, Part III, of the Political Code, a section to be numbered 4084."  Section 6 of the act purports to add a section, to be numbered 4084, to Article II, Chapter XIII, Title X, Part III, of the Political Code.  The proposed Section 4084 adds a penalty of 10

per cent to the amount of certain liquor licenses in case act'on is brought to collect the same. Political Code, Section 4044, directs $15 damages to be included in the judgment in case of a suit on liquor license and a recovery. In a suit to recover a liquor license after the passage of the proposed amendment, judgment was rendered for $15 damages, which was less than 10 per cent of the amount of the license. *Held,* that on appeal it was unnecessary to decide whether the failure to mention Section 4084 properly in the title would render the section invalid, as the amount of damages awarded did not exceed that authorized by Section 4044.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by the state of Montana against Dennis C. Courtney, as administrator of the estate of Thomas F. Courtney, deceased. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

*Messrs. McHatton & Cotter,* and *Mr. George F. Shelton,* for Appellant.

In the title to House Bill 162 the specific changes proposed are designated. The amendment of certain sections being specifically limited to the sections named, any further changes are precluded by the specific enumeration of those sections. (*Board* v. *Aspen M. & S. Co.* (Colo.), 32 Pac. 717; *Ex parte Hewlett* (Nev.); 40 Pac. 96; Sutherland on Stat. Constr. Sec. 87; Cooley on Const. Lim. 178; *State* v. *Bankers, etc. Mut. Ben. Ass'n,* 23 Kan. 499; *State* v. *Board of Commissioners,* (Nev.), 41 Pac. 145.)

The title is misleading. The act does not conform to the constitutional requirements; it contains numerous subjects not germane to each other on the subject matter of the act, and is therefore null and void. (*People* v. *Flemming* (Colo.), 3 Pac. 70; *Callahan* v. *Jennings* (Colo.), 27 Pac. 1055; *Armstrong* v. *Mayer* (Neb.), 83 N. W. 401; *Howard* v. *Schneider* (Kan.) 62 Pac. 435.)

Under the constitution of Montana the title is an indispensable part of the act. The true and actual subject of the act must be clearly expressed. To constitute a sufficient reference to the subject in the title within the constitution, there must be a

reference to specific sections and a statement of the object. An act to amend certain sections of the Code, which refers in the title to sections by number, without specifying the subject of the legislation, is null and void. (*State* v. *Mitchell,* 17 Mont. 67-76; *State* v. *Anaconda C. M. Co.,* 23 Mont. 498; *Webster* v. *Powell,* 36 Fla. 703, 18 South. 441; *People* v. *Judges, etc.,* 39 Mich. 195; *Wall* v. *Garrison,* 11 Colo. 575, 19 Pac. 469; *People* v. *Hills,* 35 N. Y. 449; *Tingue* v. *Village of Fort Chester,* 101 N. Y. 294; *Harland* v. *Terr. Wash.,* 13 Pac. 453; *People* v. *Godway* (Minn.), 28 N. W. 101; *State* v. *Smith,* 35 Minn. 257, 28 N. W. 241; *State* v. *Bowers,* 14 Ind. 195; *Boring* v. *State,* 144 Ind. 640, 41 N. E. 270; *Gunter* v. *Texas L. & M. Co.,* 82 Tex. 496, 17 S. W. 840.)

Where the title of the act indicates more than one subject, the act must fail. Where, however, the title of the act only indicates one subject, and more than one subject is embraced within the provisions of the act, if these subjects are separable and distinct, the act may be sustained as to the subjects mentioned in the title and declared null as to the others. (*Skinner* v. *Wilheim,* 63 Mich. 568; *State* v. *Ferguson,* 104 La. 249, 28 So. 917; Cooley on Const. Lim. 177; *Antonio* v. *Gould,* 34 Tex. 49; *State* v. *McCracken,* 42 Tex. 283; *Board* v. *Aspen, etc. Co.* (Colo.), 32 Pac. 717.)

As the title of the act refers to a chapter of the Political Code that has no existence, the provision is void; one Chapter of the Code cannot be amended or changed by an act professing in its title to amend or change another chapter. (*State* v. *Tibbets,* 52 Neb. 228, 71 N. W. 990; *Weis* v. *Ashby* (Neb.), 81 N. W. 318; *Ex parte Hewlett* (Nev.), 40 Pac. 96; Cooley on Const. Lim. p. 172.)

Section 4064 is not mentioned in the body of the act, consequently there is no amendment thereof under the provisions of Constitution, Article V, Section 25. (*In re Buelow,* 98 Fed. 86.)

Sections 4063 and 4064 must both stand unless there is an irreconcilable inconsistency between the two. (*Crosby* v. *Patch,* 18 Cal. 439.)

Repeal of a statute by implication is not favored, and it will not be presumed that by a subsequent act the legislature intended to repeal a former law unless the repugnancy between the two acts is irreconcilable or the latter revises the whole subject matter of the former. (*Jobb* v. *County of Meagher,* 20 Mont. 424-433; *Congdon* v. *Railroad Co.,* 17 Mont. 481; *State* v. *Anaconda C. M. Co.,* 23 Mont. 498; Sutherland on Stat. Con. Sec. 152.)

*Mr. James Donovan, Attorney General,* for the State.

MR. JUSTICE MILBURN delivered the opinion of the court.

This is an appeal from the judgment of the district court against the administrator, substituted for the intestate, against whom suit was commenced in his lifetime. The cause, after the overruling of a demurrer to the complaint, was tried and determined upon the facts set forth in a statement agreed to by the parties.

During all of the time mentioned in the complaint, said Thomas F. Courtney did business in Butte as a merchant, having a fixed place of business, selling divers kinds of merchandise, including spirituous, malt, vinous and fermented liquors and wines in quantities not less than one quart; the sale of such wines and the like being a small part of his general business. He had a license duly issued under the provisions of Section 4064 of the Political Code, the amount paid for the license being that required by subdivision 7 of the section. He did not at any time have a license such as is mentioned in Section 4063 of the Political Code, as amended by House Bill 162 of the Fifth session of the legislative assembly of 1897, which was in force during all the time mentioned in the complaint. The county treasurer demanded that he take out a wholesale liquor license under said Section 4063, but he refused to do so, claiming that he had all the license which the law required, in that he had a license to conduct the business of a general merchant,

including the privilege of selling his stock of general merchandise,—wines and the like being part thereof; and he relied upon Section 4064, *supra.* The court adjudged that the defendant pay a liquor license fee of $450, the sum of $3 for issuance of the license, and the penalty of $15,—total, $468,—with interest and costs as prayed.

The alleged errors are: (1) Overruling the demurrer; and (2) rendering judgment for the plaintiff.

House Bill 162 is entitled: "An Act to amend Sections 4063, 4064, 4065, 4068 and 4083 of the Political Code of Montana, and to add to Article II, Chapter XII, Title X, Part III, of the Political Code, a Section to be numbered 4084 regarding licenses." It is contended by appellant that the act is null and void under Section 23, Article V, of the Constitution of the state, which is as follows: "No bill, except general appropriation bills, and bills for the codification and general revision of the laws, shall be passed containing more than one subject which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

The points made by the appellant under the two assignments are that the complaint does not state a cause of action, "that the title of said act does not clearly express the subject thereof, that there are subjects embraced in said act which are not expressed in the title thereof, and that the said act contains numerous subjects which are not germane to each other, or to the section of the Code which they purport to amend."

This Act amends Section 4063 of the Political Code. Section 4064 of that Code is as follows: "Every person who at a fixed place of business sells any goods, wares or merchandise, wines or distilled liquors, drugs or medicines, jewelry or wares of precious metals, whether on commission or otherwise, and all butchers, must obtain from the county treasurer in which the business is transacted, and for each branch of such business, license, and pay quarterly therefor an amount of money to be determined by the class in which such person is placed by the

county treasurer; such business to be classified and regulated by the amount of the monthly average sales made, or hiring done, and at the rate following: Those who are estimated to make average monthly sales to the amount: \* \* \* (7) Of ten thousand dollars, and less than twenty thousand dollars, constitute the seventh class, and must pay twelve dollars per month. \* \* \*" Although mentioned in the title of the Act of 1897 amending the license laws, Section 4064 is not expressly referred to in the body of the Bill by number or otherwise. Appellant is of the opinion that therefore Section 4064 is not amended, but stands as enacted in the Political Code of 1895. The position of the appellant is that the Act comes within the inhibition of the constitution, and is altogether void, but, if it be sustained in any part, such part of it as is sustained will not support the judgment.

Section 4063 of the Political Code of 1895 was the liquor license law, governing sales of quantities less than one quart. It said nothing about sales in quantities of one quart or more. In the Act of 1897 this Section 4063 was amended, and sellers of all kinds of wines and the like were in the section put, respectively, into two classes, A and B,—to-wit, those who sell in quantities less than one quart, and those who sell in quantities not less than one quart. Clearly, under the Code of 1895 (Section 4064), a merchant's license, graduated according to the amount of monthly sales, was all that could be required of one who sold "wines or distilled liquors" in quantities not less than one quart,—using the words of the section,—whether or not he sold groceries or any other merchandise at the same "fixed place of business." But under the Act of 1897, at the time mentioned in the complaint, Section 4064 had been amended. As we have said, although mentioned by its number in the title, it is not so referred to in the Act. But Section 4065 in the Code of 1895 refers expressly to the preceding section, 4064, and declares that the wines and distilled liquors alluded to shall not be sold in quantities less than one quart; thus clearly making an ordinary merchant's license the proper and only one to be had for such sellers. The Act of

1897 leaves out all reference to Section 4064, and those who sell wines and liquors under the provisions of the latter section. Considering these facts, and the further one above stated,—that class B of Section 4063, as amended in the Act, treats only of such liquor sellers as were formerly included in the provisions of Section 4064,—it is clear that at the time mentioned in the complaint the last utterance of the will of the people, through the legislature, was that all sellers of wines, liquors, and the like, whether grocers or others, should pay a liquor seller's license. Section 4064 is clearly amended, so far as the sellers of wines and distilled liquors are concerned, by necessary and very strong implication; the conflict clearly appearing in the then last utterance of the legislature in the Act of 1897, although said section is not mentioned or expressly alluded to by its number in the Act.

Appellant relies upon Section 5165 of the Political Code, which reads: "If conflicting provisions are found in different sections of the same chapter or article, the provisions of the section last in numerical order must prevail, unless such construction is inconsistent with the meaning of such chapter or article." Why does the section last in numerical order prevail? Because, if not inconsistent with the meaning of the chapter or article, it is the last utterance on the subject. If the legislature in the Act of 1897 had not amended Section 4063 to include wholesale liquor dealers, formerly included in Section 4064 of the Code of 1895, then the rule expressed in Section 5165 might apply, as contended for; but the legislature, with Section 4064 before it, evidently considered it when it so amended Sections 4063 and 4065, although it bunglingly failed, in express terms, to amend Section 4064 by striking out the words "wines and distilled liquors."

This being our view of the law respecting the amendment of Section 4063, if the Act be valid under the constitution, we hold that the complaint states a cause of action.

Is the Act valid, or is it, as appellant believes, void, as falling under the inhibition of said Section 23 of Article V of the

Constitution? Does the title of the Act, above stated, clearly express the subject of the Act?

The Minnesota constitution (Article IV, Sec. 27) provides that "no law shall embrace more than one subject, which shall be expressed in its title." In *Kelly* v. *City of Minneapolis,* 57 Minn. 294, 59 N. W. 306, 26 L. R. A. 97, 47 Am. St. Rep. 605, the supreme court, in a long opinion, covering several points, summarily disposed of the point that the act under consideration was void, in the following language: "Appellants claim that said Chapter V, Sp. Laws 1885, is unconstitutional, because the subject of the act is not expressed in the title. The title to the act is 'An act amending section 2 of chapter 8 of the charter of the city of Minneapolis.' The title is sufficient. (*State* v. *Madison,* 43 Minn. 438, 45 N. W. 856; *Willis* v. *Mabon,* 48 Minn. 140, 50 N. W. 1110, 16 L. R. A. 281, 31 Am. St. Rep. 626.)"

The title of the Act before us is not skillfully drawn. There is no comma after "4084" in the title as it appears in the original bill in the secretary of state's office, or as it appears in the printed laws. But the insertion or absence of punctuation marks is not always fatal to a correct understanding of what language is intended to mean. In *Ewing* v. *Burnet,* 11 Pet. 41, 9 L. Ed. 624, the supreme court of the United States said that punctuation "is a most fallible standard by which to interpret a writing; it may be resorted to when all other means fail, but the court will first take the instrument by its four corners, in order to ascertain its true meaning; if that is apparent on judicially inspecting the whole, the punctuation will not be suffered to change it." (*Wade* v. *Lewis and Clarke County,* 24 Mont. 335, 61 Pac. 879.) It ought to have been obvious to a legislator to whose attention the bill was brought by the reading of the title that the subject of the bill was licenses. There is a multitude of authorities all of which hold that an Act amendatory, as this is, has a sufficient title, under a constitutional provision like ours, if it cite the number of the section and the chapter of the Code to be amended and affected thereby. (*Commonwealth* v. *Brown,* 91 Va. 762, 21 S. E. 357, 28 L. R. A.

113, citing Missouri, Indiana, Iowa, Tennessee, Wisconsin; *Dogge* v. *State,* 17 Neb. 140, 22 N. W. 348; *Muldoon* v. *Levi,* 25 Neb. 457, 41 N. W. 280.) "This is the general holding of the courts on the subject," says the United States circuit court of appeals in *Steele County* v. *Erskine,* 39 C. C. A. 180, 98 Fed. 221, considering "An act to amend Section 10 of Chapter 38, Laws of 1887, being Section 545 of the Compiled Laws," and construing and applying a provision of the constitution of North Dakota similar to ours, except that the word "clearly" appears before the word "expressed" in the Montana constitution, and citing *City of Omaha* v. *Union Pac. Ry. Co.,* 36 U. S. App. 615, 20 C. C. A. 219, 73 Fed. 1013; *Swartwout* v. *Railroad Co.,* 24 Mich. 389; *People* v. *Pritchard,* 21 Mich. 236; *People* v. *Kirsch,* 67 Mich. 539, 35 N. W. 157; *State* v. *Read,* 49 La. Ann. 1535, 22 South. 193; and *State* v. *Stewart,* 52 Neb. 243, 71 N. W. 998. "There has been a general disposition to construe the constitutional provision liberally, rather than to embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purposes for which it has been adopted," says Mr. Cooley in his work on Constitutional Limitations (175), citing a very large number of cases. When we reflect upon the meaning of the word "express," we cannot hold that the word "clearly," above referred to, makes the numerous decisions and opinions to which we have referred inapplicable to the Act before us.

The title refers to licenses, and points out sections of a certain Code to be amended, and was sufficient to inform the legislators as to what was before them, and was sufficiently expressive of the subject. The matters treated of in the Act all refer to licenses, and are germane, and not foreign, to the subject of the title.

It is not necessary for us to consider the question whether Sections 4075 and 4079, appearing in full in the Act, but not mentioned in the title, are valid, as legally enacted, or not, as they have nothing to do with liquor dealers' or merchants' licenses, although they are germane to the subject expressed in the title. The failure to make reference to them in the title

does not invalidate the Act as to other matters therein germane to the subject expressed in the title.

Section 6 of the Act purports to add a section to be numbered 4084 to Article II, Chapter XIII, Title X, Part III, of the Political Code. The title gives notice of a Section 4084 to be added to Chapter XII of the same Article, Title and Part of the Code. Appellant contends that the Act is void as to such addition because of this failure to mention it in the title of the Act. Respondent resists this and says, besides, that, being a penalty clause, it need not be mentioned in the title, and cites *In re Ryan,* 20 Mont. 64, 50 Pac. 129. This case is not in point. The proposed section adds a penalty of 10 per-cent to the amount of the license. In the judgment in this case the items comprising the sum of $468, besides interest and costs, are $450 for license for three semesters, $15 "damages," and $3 issue fee. Section 4044 of the said chapter on "Licenses" directs "fifteen dollars damages" to be included in the judgment in case of suit and recovery. Failure to mention the proposed new Section 4084 properly in the title will not invalidate the whole Act, and whether or not it was necessary to mention it all (being a penalty section) in the title, or whether said Section 4084 is valid or not, need not be decided herein, as the amount charged, $15, is less than 10 per cent of the amount of the license, and not more than the penalty provided for in Section 4044, and therefore appellant is not injured. If Section 4084 is not in operation, then Section 4044 is.

Section 8 of the Act purports to repeal Section 4048, which fixed a fee of $1 for issuing a license, and Section 4070 relating to license for standing stallions, jacks and other male domestic animals. We need not pass upon the question whether the latter section is repealed or not. The appellant asserts that Section 4048, which fixes the fee of $1 for issuing such license is not repealed, because not mentioned in the title of the Act of 1897, and that the whole Act is void. Respondent says that it is repealed, although not mentioned in the title. Holding, as we do, that Section 4064 is amended, and that judgment for the amount of the license for a period covering three semesters was lawfully

rendered for the plaintiff, it is unnecessary for us to pass upon the question whether Section 4048 is repealed or not, for respondent claims that it is, and therefore abandons the $3 charge. Without holding that the court was in error in allowing such charge, we may therefore order that the judgment be modified by striking out this item. We have nothing to do with Section 8, so far as it purports to repeal Section 4070.

For the reasons stated herein, let the judgment be modified by striking out the item of $3, *supra,* and, as modified, let it be affirmed.

*Modified and affirmed.*