THE HON. HENRY C. SMITH,
THE HON. WILLIAM L. HOLLOWAY, } Associate Justices.

---

STATE EX REL. PEYTON, RELATRIX, *v.* CUNNINGHAM, STATE AUDITOR, RESPONDENT.

(No. 2,723.)

(Submitted June 1, 1909. Decided June 7, 1909.)

[103 Pac. 497.]

*Legislative Powers—Joint Resolutions—Creation of Offices—
Constitution—State Auditor—Mandamus.*

Offices—How Created.
  1. An office can be created only by law duly enacted for that purpose.
Statutes—Constitutionality—How Determined.
  2. An Act of the legislature will not be declared invalid as repugnant to the Constitution except where the repugnancy is established beyond a reasonable doubt.
Legislative Powers—Force of Joint Resolutions.
  3. No Act of legislation has the force of law, even though unanimously passed and approved by the governor, unless the requirements of the Constitution (Article V, secs. 19, 20, 23), that every law shall be passed by bill, that it must have an enacting clause, and a title clearly expressing the subject of the enactment, are met; hence a resolution in the passing of which neither of these essentials has been observed, is not an authoritative expression of the legislative will upon the subject with which it deals.
Same—Joint Resolution—Creation of Office—Invalidity—*Mandamus.*
  4. *Held,* under the rule last above declared, that House Joint Resolution No. 13 (Laws 1909, p. 390), conferring authority upon the state game warden to appoint the widow of a deputy warden, who was killed in the discharge of his duties, a deputy in addition to those authorized

(197)

by Chapter 87, Laws of 1909 (p. 118), is invalid; *held* further, on *mandamus,* that the state auditor properly refused to issue a warrant to relatrix for services performed as such deputy warden.

ORIGINAL application for *mandamus* by the state, on relation of Mrs. Charles B. Peyton, against Harry R. Cunningham, as state auditor.   Writ denied.

*Messrs. Walsh & Nolan,* for Relatrix.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Original application for *mandamus.*   The Eleventh Legislative Assembly adopted the following resolution: "Whereas, in the month of October, 1908, Charles B. Peyton was shot and killed by Indians while in the discharge of his duty as deputy game and fish warden, and whereas, by his death his wife and three small children were left without support, and whereas, in recognition of the services rendered the state by Charles B. Peyton there is due to those who were dependent upon him some means of support, therefore, be it resolved by the House of Representatives, the Senate concurring, that the state game and fish warden appoint Mrs. Charles B. Peyton, wife of Charles B. Peyton, deceased, deputy game and fish warden for the term of four years with a salary of $125 per month, and that the appointment be made in addition to the prescribed number of deputy game and fish wardens."   (Session Laws 1909, p. 390.) Upon its approval by the governor, and on March 10, 1909, the relatrix, the person named therein, under the authority ostensibly conferred thereby, was appointed by the state game and fish warden a special deputy.   She at once took the oath of office, filed the bond required by law, and has since discharged, and has been ready to discharge, the duties of the office under the direction of the state game and fish warden.   Prior to the making of the application, claiming that she was and is entitled to

the salary provided for in the resolution, she demanded of the respondent, as state auditor, that he issue to her a warrant for the sum of $83.33, the amount of salary claimed to be due her for the portion of the month of March subsequent to her appointment, and also for the sum of $125, the amount claimed for the month of April. This demand was refused. At that time there was in the state treasury to the credit of the game and fish fund an amount of money largely in excess of the amount claimed by the relatrix, as well as of all other lawful demands against the same, and there was an unexhausted specific appropriation provided by law to meet the salaries of deputy game and fish wardens. The relatrix is, and was at the time of her appointment, a citizen of the United States, and had been a resident of the state for the time necessary to qualify her to hold the office. The purpose of this proceeding is to compel the respondent to issue to her warrants to the amounts so claimed.

Upon the return of the alternative writ, the attorney general interposed a general demurrer to the verified petition, which alleges the facts stated above. He makes two contentions: (1) That the joint resolution has not the force or effect of a statute legally and constitutionally enacted, and that, since this is so, no office was created by it, nor was the appointment made under the authority granted by it valid for any purpose; and (2) that, even if this were not so, the relatrix is not eligible to the office, because, being a woman, she is not an elector.

1. The state game and fish warden was authorized by section 1953 of the Revised Codes, to appoint not to exceed eight deputies. By an amendment enacted by the Eleventh Legislative Assembly and approved on March 5, 1909 (Session Laws 1909, p. 118, Chap. 87), this number was increased to fifteen. The resolution, it will be noted, authorized the appointment of the relatrix by name, in addition to the number already prescribed; so that, if it be accorded the force of law, the result is that the Act approved March 5 must be deemed to have been amended, and the number of deputies authorized by law for the present term of four years to be sixteen, the relatrix being, by express mention, the sixteenth.

It is elementary that an office can be created only by law duly enacted for that purpose. It is also elementary that no Act of the legislature will be declared invalid as repugnant to the fundamental law except in the clearest cases, or, as is generally said, where the repugnancy is established beyond a reasonable doubt. (*Territory* v. *Farnsworth,* 5 Mont. 303, 5 Pac. 869; *People ex rel. Robertson* v. *Van Gaskin,* 5 Mont. 352, 6 Pac. 30; *State ex rel. Harrington* v. *Kennedy,* 10 Mont. 410, 25 Pac. 1022; *Western Ranches Co.* v. *Custer County,* 28 Mont. 278, 72 Pac. 659; *State* v. *Courtney,* 27 Mont. 378, 71 Pac. 308.) The reason for the rule is that the power of the legislature is plenary and subject to no limitation or restriction except as declared in the state Constitution, or where exclusive control of the particular subject has been granted to the federal government; but under the Constitution the question whether an Act of legislation has the force of law does not depend merely upon the constitutional majorities of the two Houses having so determined, but also upon certain requirements to be observed as to the form in which, and the mode by which, their will is expressed. No determination can have the force of law unless these requirements have been observed. (Cooley's Constitutional Limitations, 7th ed., p. 186; *State* v. *Platt,* 2 S. C. 150, 16 Am. Rep. 647; *Burritt* v. *Commissioners of State Contracts,* 120 Ill. 322, 11 N. E. 180.)

Article V of the Constitution declares:

"Sec. 19. No law shall be passed except by bill, and no bill shall be so altered or amended on its passage through either house as to change its original purpose.

"Sec. 20. The enacting clause of every law shall be as follows: 'Be it enacted by the Legislative Assembly, of the state of Montana.'

"Sec. 23. No bill, except general appropriation bills, and bills for the codification and general revision of the laws, shall be passed containing more than one subject which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

These provisions are to be construed as mandatory and prohibitory, because there is no exception to their requirements expressed anywhere in the Constitution.   (Section 29, Article III.) Hence they are exclusive, and any expression of its will by the legislative body as law, even though it be by unanimous vote, in a form other than as therein prescribed, is void.

The resolution under which relatrix claims is not in the form of a bill.   It has no enacting clause.   It has no title.   Therefore, though it was passed by both Houses and approved by the governor, it is of no avail as an authoritative expression of the legislative will upon the subject with which it deals.   It is not, in effect, an amendment to the Act of March 5; nor, as an independent piece of legislation, can it be considered as having created an office.   Addressed, as it is, to the state game and fish warden, it has not even an advisory force, since it advises him to appoint relatrix to an office which does not exist.   This conclusion seems inevitable, in view of the provisions of the Constitution referred to.   If the legislature may disregard these provisions, there is no other which it might not with equal propriety disregard, with the result that that branch of the government would act without limitation or restriction other than the whim or caprice of the majority.   So the courts of all the states having constitutional provisions similar to them have refused to recognize mere resolutions adopted by the legislature, whether joint or concurrent, or whether approved by the executive or not, as having the force of law.   (*Collier & Cleveland Lith. Co.* v. *Henderson,* 18 Colo. 259, 32 Pac. 417; *Mullan* v. *State,* 114 Cal. 578, 46 Pac. 670, 34 L. R. A. 262; *May* v. *Rice, Auditor,* 91 Ind. 546; *Rice, Auditor,* v. *State ex rel. Drapier,* 95 Ind. 33; *Reynolds, Auditor,* v. *Blue,* 47 Ala. 711; *State* v. *Kinney,* 56 Ohio St. 721, 47 N. E. 569; *Burritt* v. *Commissioners of State Contracts,* 120 Ill. 322, 11 N. E. 180; *City of Antonio* v. *Micklejohn,* 89 Tex. 79, 33 S. W. 735; *Boyers* v. *Crane, Auditor,* 1 W. Va. 176.)   The respondent properly refused to issue the warrants demanded.

2. Since no office was created by the resolution, and the appointment of the relatrix was without authority, the question

touching her eligibility on account of her sex does not arise.  It is said in the brief of her counsel that she claims under a general appointment, as well as under the appointment authorized by the resolution.  Upon the facts stated, this cannot be so, because her right to the salary is predicated upon the appointment authorized by the resolution.  If the state game and fish warden had appointed her generally, without reference to the authority granted by the resolution, then the question of her eligibility would properly have been before us for decision.

The alternative writ must be set aside, and the proceeding dismissed.  It is so ordered.

*Dismissed.*

Mr. JUSTICE SMITH and Mr. JUSTICE HOLLOWAY concur.