[Civil No. 4474. Filed July 6, 1942.]

[127 Pac. (2d) 341.]

TUCSON TITLE INSURANCE COMPANY, a Corporation, Appellant, v. THE STATE TAX COMMISSION OF ARIZONA, Appellee.

Mr. Robert R. Weaver, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. Edward P. Cline, Assistant Attorney General, for Appellee.

LOCKWOOD, C. J.—Tucson Title Insurance Company, a corporation, plaintiff, during the years 1934 to 1939, both inclusive, paid income tax to the state tax commission, defendant, under the provisions of what is known as the Income Tax Act of 1933 (Laws 1933, First Special Session, chapter 8, Arizona Code 1939, § 73-1501 et seq.) and its subsequent amendments. These payments were made without protest of any nature and were wholly voluntary. In 1940 plaintiff decided that it was, and at all times had been, exempt from any taxation under the act, by the provisions

of section 73–1509, subdivision (h), Arizona Code 1939, and it made application to defendant for a refund of the taxes so paid. Defendant, after hearing, found that·plaintiff was an insurance company of the kind referred to in subdivision (h), *supra,* and refunded the amount paid by it as income taxes for the years 1937–38–39, but denied the claim for the taxes paid for the years 1934–35–36, on the ground that the time permitted by the Act for filing claims for refund for said years had expired, under the provisions of section 73–1536, Arizona Code 1939, which reads as follows:

*"Limitation on corrections.*—Corrections or additional assessments of income may be made at any time within three (3) years after the close of the period covered by a report of income; provided, that if in any year no return is filed, income of any such year may be assessed when discovered.''

Thereupon plaintiff appealed to the superior court of Pima county. The defendant applied to this court for a writ of prohibition, on the ground that the superior court of the state did not have jurisdiction in matters arising before the tax commission and involving income taxes, but we held jurisdiction existed, and the appeal was duly heard in the lower court. *State* v. *Hall,* 57 Ariz. 63, 110 Pac. (2d) 960. In that court, the defendant pleaded the limitations upon the filing of claims for refund, as above set forth, and the trial court rendered judgment in its favor, dismissing the proceedings, whereupon this appeal was taken.

The facts, as above stated, are admitted by both parties to be substantially correct and the sole question before us is whether, under our statutes, plaintiff had a right to recover the income taxes which it had, voluntarily and without protest, paid for the years 1934–35–36, on the ground that it had never been subject to such taxes.

■ In the case of *O'Malley* v. *Sims,* 51 Ariz. 155, 75 Pac. (2d) 50, 53, 115 A. L. R. 634, we held:

" . . . It is the general rule that taxes paid under a mistake of law, with full knowledge of the facts, cannot be recovered unless recovery is expressly or impliedly authorized by the statute. [Citing cases.] And this rule applies to inheritance taxes as well as ordinary taxes. [Citing cases.] The answer to this question, therefore, depends upon whether our statute either directly or impliedly authorizes the refund of an inheritance tax paid as this was. . . . "

■ We think in reason the same rule applies to income taxes as to any other form of taxes. Therefore, unless it appears that the statutes either directly or impliedly provide for a refund of income taxes voluntarily paid *under a mistake of law,* plaintiff cannot recover. That the tax in question was so paid is unquestionable. The mistake, which was apparently mutual on the part of both the plaintiff and defendant, was obviously one of law and not of fact. The law was as open and well known to the attorneys of the plaintiff as to the defendant, and the fact that they were mistaken as to the application of the income tax law to companies like plaintiff does not relieve them from the application of the rule in the O'Malley case, *supra.* We, therefore, turn to the statutes to see whether there are any provisions for a refund of income taxes erroneously paid. Section 73–1536, *supra,* does provide that such refund may be made, but it also provides the time in which it must be made, and we think, adopting the most liberal construction, this means that the claim for a refund must be made within the statutory time. The record shows clearly that the application for refund of the taxes for the years 1934–35–36 was not made until more than three years and eight months after the last one had been paid. It would seem that this is conclusive as against the right of

plaintiff to the refund, if this is the only provision of the law authorizing corrections of the return and payment of income taxes.

██ Plaintiff, however, while admitting the general rule, urges that it does not fall within it for several reasons. The first is that the provision for refund found in the Act only applies to the correction of the amount of a tax which is really due, and not to a refund of a tax paid by one who was not subject to the tax at all, or when no audit had been made. Assuming that this is correct, this does not aid plaintiff so far as a refund under the Act is concerned, for the provision above quoted is the only one found therein which authorizes a return of the tax under any circumstance or condition, and the rule of the O'Malley case, *supra,* if this section does not apply, governs so far as any refund by reason of the Act itself is concerned. But says plaintiff, even assuming this to be true, it may claim a refund under the general law. Its argument on this point is based upon the proposition that since the state has come into the possession of money which does not lawfully belong to it, recovery may be had on the basis of money had and received, or of a constructive trust.

So far as the constructive trust theory is concerned, we cannot see where it has any application under the facts of the present case. Certainly there is not the slightest evidence that the state committed any fraud, either direct or constructive, upon the plaintiff. The parties were equally conversant with the law. Plaintiff made its own returns for taxation, and these were accepted by the defendant without question. Nowhere is it pointed out to us where any fraud existed, and as we have said in the case of *MacRae* v. *MacRae,* 37 Ariz. 307, 294 Pac. 280, in order to establish a constructive trust, fraud of some kind must be found in the transaction.

Nor can the theory that the action is justified on the ground of mutual mistake as for money had and received be sustained. The mistake in this case was one of law and not of fact, and as we have stated in *O'Malley* v. *Sims, supra,* mistakes of law do not justify the recovery of a tax voluntarily paid, in the absence of a statute authorizing it. Restate. Restitution, pars. 45 and 75.

 It is urged that defendant in its pleadings waived the statute of limitations. It is admitted the statute was not waived expressly, but it is urged that because defendant admitted that it was mistaken in the law at the time the taxes were collected, this is an acknowledgment of the justness of its debt to plaintiff, and that one cannot acknowledge the justness of a debt and at the same time claim the benefit of the statute of limitations. In support of this, plaintiff cites the cases of *Ainsworth* v. *Lipsohn,* 22 Ariz. 291, 196 Pac. 1028, and *Connor Livestock Co.* v. *Fisher,* 32 Ariz. 80, 255 Pac. 996, 57 A. L. R. 196. The factual situation in these two cases was entirely different from that in the present case. In them, defendant either expressly or by its action on a set-off waived the statute. The record in the present case shows that defendant at all times insisted on the statute of limitations.

While it may seem unjust that the state should retain money which it now admits it should never have collected, yet the law is such that we think plaintiff's only remedy is an appeal to the legislature for a relief bill.

The judgment of the superior court of Pima county is affirmed.

McALISTER and ROSS, JJ., concur.