**THIRST QUENCHERS OF OHIO, INC., Appellant, v GLANDER, Tax Commr., Appellee.**

Board of Tax Appeals

No. 11168. Decided September 3, 1946

ENTRY

This cause and matter came on to be heard and considered by the Board of Tax Appeals upon an appeal filed herein under date of January 24, 1946, from the final order of the tax commissioner denying appellant's application for refund of sales taxes which the appellant claimed it erroneously paid as a vendor in the amount of $1,093.64 for the period of time from June 2, 1944, to January 1, 1945; which order denying said claim for refund was on the stated ground that the application was not filed within the time required by the provisions of §5546-8 GC, under the assumed authority of which the application was filed. This cause was heard and submitted upon the transcript of the proceedings before the tax commissioner, and upon the evidence and brief of counsel for the appellant.

Appellant, during the time involved, was in the business of operating vending machines. All of the sales made by means of these machines, which were coin operated were individual sales of 5c each. Under the decision in **Winslow-Spacarb, Inc., 144 Oh St 471, 59 N. E. 2nd 924, 30 OO 97**, decided February 21, 1945, such sales were not subject to the sales tax. The record shows that during the period in question prepaid tax stamps were cancelled by the appellant in the amount of $1,127.46 and later this application was filed for a refund of said amount, less the vendor's discount of 3%. The record further shows that the appellant has not reimbursed itself for any part of the amount thereof from the consumers of its products involved herein.

Near the end of February 1945 the manager and secretary-treasurer of appellant was informed by an examiner, employed by the department of taxation, of the decision in the above case that it was not liable for sales taxes on its sales and that he would procure a form on which to make an application for refund and would help prepare it. About a month later this

officer of the appellant called the examiner and asked him about the form and the examiner told him he would take care of it. Around the end of April 1945, appellant learned that this examiner had left the employment of the state. In the latter part of July 1945 appellant procured a form of application from the department of taxation and filed the same with the tax commissioner on the first or second day of August 1945. With reference to applications for refund of sales taxes the tax commissioner and the Board are governed by the provisions of §5546-8 GC, which reads in part as follows:

"In all cases an application shall be filed with the tax commission on the form prescribed by it and must be filed within a period of ninety days from the date the tax receipts are spoiled, or from the date it is ascertained that the assessment or payment was illegal or erroneous."

It is clear that it was not only ascertained, but that the appellant had actual knowledge that the taxes sought to be refunded were erroneously paid more than 90 days previous to the filing of the application. The fact that appellant chose to rely upon the apparently voluntary promises of a state employee to provide it with a form upon which to make out an application for a refund would not bind or estop the state. **Hileman v Evatt, 142 Oh St 175, 50 N. E. 2nd 260, 26 OO 394.**

As to this it is obvious that no officer, employee or other agent of the state of Ohio or of the department of taxation had any authority to waive or extend the statutory limitation of time within which a taxpayer is required to file an application for the refund of sales taxes. See **Steward v Evatt, 143 Oh St 547.** In this connection it would seem to be equally clear that nothing that any employee might say or do with respect to a contemplated application for sales tax refund would effect an estoppel against the state of Ohio or the tax commissioner with respect to the question here presented. For "it may be accepted as the law that there can be no estoppel where there is an entire absence of power". **Mt. Vernon v State of Ohio ex rel Berry, 71 Oh St 428, 448.**

As stated in the case of Automobile Sales Company v Johnson, 122 S. W. 2nd 453 "A suit to recover allegedly illegal tax, although nominally brought against the collecting officer, is a suit against the state". In the case of the **State v Tin and Japan Company, 66 Oh St 182, 64 N. E. 68,** the court said at 208:

"Actions by or against the state can be brought only by express authority of the general assembly, and the state cannot be estopped by an act of its officers, unless the state has by statute authorized such officer to act on that behalf, and then the estoppel can be no broader than the authority. The estoppel in such cases is not so much **in pais** as by statute."

Furthermore, rules with respect to apparent authority do not apply to officers or employees of the state.

"In the case of officers the rules relating to apparent authority are not applicable, as the state is bound only by authority actually fixed in the officer, and his powers are limited and defined by law". 2 C. J. 573.

It is well settled that when the right to a refund of taxes is given by statute that right must be exercised strictly in accordance therewith and within the limitation provided therein. **Groesbeck v Cincinnati, 51 Oh St 365, 37 N. E. 707;** Re Blatt, 41 N. Mex. 265, 67 Pacific 2nd 293; Automobile Sales Company v Johnson, **supra.** There is no duty imposed upon an examiner to supply application forms for refund of sales taxes although such forms are ordinarily provided for the convenience of the taxpayers. There was nothing to prevent appellant from preparing his own form of such application or from obtaining a form by writing to the department of taxation or one of its division offices. Furthermore the appellant, although it learned of the examiner's resignation from the employment of the state in the latter part of April 1945, did not file its application until the early part of August 1945, more than 90 days thereafter.

The tax commissioner is, as is this Board, only a creature of statute and has only such powers as are expressly conferred by statute or as may necessarily be implied by the powers expressly given. **Peter v Parkinson, Treasurer, 83 Oh St 36 at 47, 93 N. E. 197; State ex rel v Pierce, 95 Oh St 44, 117 N. E. 6; Frisbie Co. v E. Cleveland, 98 Oh St 266, 120 N. E. 309; J. S. Bradley Co. v Squire, Superintendent, 65 Abs 186, 29 N. E. 2nd 430, 18 OO 366.** The Board finds that the tax commissioner was correct in holding, in effect, that he had no authority to grant this application for a refund of sales taxes. If this results in an injustice, the remedy is with the legislature rather than with this Board.

It is therefore considered and adjudged by the Board of

Tax Appeals that the action of the tax commissioner herein complained of be, and the same hereby is, affirmed.

BOARD OF TAX APPEALS