DETROIT BEACH BETTERMENT COMMITTEE *v.*
MONROE COUNTY DRAIN COMMISSIONER.

1. DRAINS—ESTABLISHMENT—CERTIORARI—FRAUD.
   Review of proceedings to establish a drain is limited to certiorari, except in cases of fraud (CLS 1956, § 280.161).

2. SAME—EQUITY—CONDEMNATION—TAXATION—FRAUD—CERTIORARI.
   Review of the validity of condemnation proceedings for a drain, of tax assessments and of the right to refund of taxes may not be had on bill to invalidate the construction of certain public works, where bill fails to allege fraud, the review of such matters being limited to certiorari (CLS 1956, § 280.161).

3. SAME—EQUITY—CERTIORARI—DIKE ACROSS BEACH.
   Bill by owners of lots in beach subdivision against county drain commissioner and beach association trustees to remove dike across the beach line and for an accounting by the trustees because of erection of the dike in violation of alleged rights to beach facilities was improperly dismissed, but trial thereon is limited to issues properly before the equity court and not limited to review by certiorari (CLS 1956, § 280.161).

Appeal from Monroe; Weipert, Jr. (William J.), J. Submitted October 15, 1958. (Docket No. 55, Calendar No. 47,682.) Decided January 12, 1959.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17A Am Jur, Drains and Sewers § 88.

Bill by the Committee for the Betterment of the Detroit Beach, and Angela A. Diehl and others as agents and trustees for property holders, against Fred J. Kurtz, drain commissioner of Monroe County, and Walter Firman and others as trustees of the Detroit Beach Association, Inc., to invalidate certain public works and the tax levied therefor, to enjoin construction and maintenance of dike across beach line, and for other relief. Bill dismissed on motion. Plaintiffs appeal. Reversed and remanded.

*Colombo & Bartholemew* (*Meyer Weisenfeld,* of counsel), for plaintiffs.

*Ready & Braunlich,* for defendants.

DETHMERS, C. J. Plaintiffs appeal from dismissal of their bill of complaint on defendants' motion before trial. Their bill alleges that they are "owners of lots in the Detroit Beach Association, Inc;" that defendant Kurtz is the county drain commissioner and the other defendants are trustees of the association; that defendant Kurtz "leased out contracts * * * for building a dike across the beach line" and that an "easement of right-of-way obtained" by him "is illegal and void for the following reasons:

"(a) That there are approximately 1,500 lot owners in the Detroit Beach Association, Inc., and that condemnation proceedings were commenced immediately against 30 or 40 lot owners, being those adjacent to the lake;

"(b) That the dike has been built across the whole beach, in effect, nullifying and voiding the contractual relationship between each lot owner and subdivision owner wherein each lot owner or subdivision owner, be adjacent or not, had beach facilities and rights;

"(c) That the said rights have been seized from all lot owners due to the drain commissioner's actions

without just cause or without the lot owners' day in court;

"(d) That every abstract received by the lot owners provided for a common right in the parks, club house, beaches and highways and said common rights have been considered and declared to be an essential part of the value of every lot owner's interest in said subdivision;

"(e) That said drain commissioner has proceeded against a few individual lot owners as to necessity and condemnation proceedings but has failed as required by law to give notice to all lot owners the necessity for condemnation proceedings;"

that due to defendant Kurtz' actions, all the lot owners will be assessed taxes illegally and that amounts heretofore paid on such assessment should be refunded; that the trustees have done certain things beyond their powers as limited in articles of association, set forth in the appendix but not made a part of the bill of complaint or of the record. The bill prays that defendants be restrained from proceeding further with the dike, that the trustees be prevented from expending further money and make an accounting, that defendant Kurtz be required to tear down the dike, that further tax assessments in that connection be enjoined and that taxes previously paid be refunded.

The trial court dismissed on the grounds; *inter alia,* (1) that the bill seeks to review in equity the establishment of a drain when the statute limits such review to certiorari (CLS 1956, § 280.161 [Stat Ann 1957 Cum Supp § 11.1161]; *Toledo, S. & M., R. Co.* v. *Shafer,* 190 Mich 89); (2) that enjoining assessments and an order for refunding taxes paid are not permissible under CLS 1956, §§ 280.265, 280.267 (Stat Ann 1957 Cum Supp §§ 11.1265, 11.1267), requiring as a prerequisite thereto payment of the tax under protest and bringing action to recover the

amount thereof within 30 days after such payment, the bill failing to allege facts showing compliance with these requirements.

Plaintiffs concede that the mentioned rule limiting review to certiorari governs, except in cases of fraud. They say that the allegations in their bill, above set forth or mentioned, state a case of fraud entitling them to be heard in equity.

The bill is unsatisfactory, indefinite and vague beyond belief. Apparently apprehensive that there might be more to the case than the pleadings indicate, the trial court dismissed without prejudice, leaving the door open to further action based on proper pleadings. We find no allegations of fraud with respect to the drain commissioner's actions and proceedings entitling plaintiffs to a review in equity. How condemnation proceedings against 40 lot owners are fraudulent with respect to other lot owners in the subdivision for failure to proceed against the latter is not made to appear by the bill. Manifestly, only those who are parties to the proceedings are bound thereby. We agree that, for the reasons stated by the trial judge, review of the validity of the condemnation proceedings and tax assessments and of the right to refund of taxes paid may not be had in these proceedings.

Because the bill alleges construction of a dike across a beach, as a result of proceedings to which plaintiffs were not made parties, in violation of their alleged right to beach facilities, and that such rights have been seized, and the bill prays for an order requiring defendants to remove the dike and to refrain from proceeding further with its construction and for an accounting by the trustees based on vague, but perhaps adequate, allegations of misuse of corporate assets, the order to dismiss is reversed and the case remanded for further pleadings and trial, limited to pertinent issues other than those herein

held to be not properly before the Court in this case. Costs to plaintiffs.

Carr, Kelly, Smith, Black, Edwards, Voelker, and Kavanagh, JJ., concurred.