JOHN P. VAN TIGHEM AND FRANCES E. VAN TIGHEM, HIS WIFE, PLAINTIFFS AND APPELLANTS, v. J. R. LINNANE, TREASURER OF CASCADE COUNTY, MONTANA; STATE BOARD OF EQUALIZATION OF STATE OF MONTANA, AND J. F. REID, E. J. BYRNE AND W. J. WINTERS, THE MEMBERS OF THE STATE BOARD OF EQUALIZATION, DEFENDANTS AND RESPONDENTS.

No. 9916.
Submitted January 12, 1960. Decided February 23, 1960.
349 Pac. (2d) 569.

548

See **C. J. S.** Taxation § 639.

Hoffman and Cure, Great Falls, for appellants. Orin R. Cure argued orally.

Forrest H. Anderson, Atty. Gen., Edward C. Schroeter, Chief Tax Counsel, Helena, Gene Daly, County Attorney, Great Falls, for respondents. Edward C. Schroeter argued orally.

HONORABLE GEORGE J. ALLEN, District Judge, sitting in place of MR. JUSTICE BOTTOMLY, delivered the Opinion of the Court.

Appellants, taxpayers in Cascade County, Montana, filed suit to recover taxes paid under protest to the county treasurer of Cascade County, Montana, naming as defendants the treasurer of Cascade County and the State Board of Equalization.

The complaint was filed and summons issued the 17th day of January 1957. On that day the summons and copy of the complaint were served on the defendant, treasurer of Cascade County, but service thereof was not made upon the defendant, State Board of Equalization until the 7th day of February 1957, which was more than sixty days after the date of payment of the tax on November 30, 1956.

Thereafter, the treasurer of Cascade County filed a motion to strike portions of the complaint and to make other portions more certain. The State Board of Equalization appeared specially and filed a motion to quash the service of summons because it was not served upon it within 60 days after the alleged payment of taxes under protest as required by section 84-4502, R.C.M. 1947, as amended, and for that reason the court had no jurisdiction of the defendant, State Board of Equalization.

The lower court, after hearing argument on the motions, granted the motion to quash of the defendant, State Board of Equalization, and deeming that the plaintiffs, under such circumstances, did not have a right to maintain the action, ordered the complaint dismissed.

This appeal followed and raises two questions: (1) Should the lower court have quashed and set aside the service of summons upon the State Board of Equalization and, having done so, (2) Should the lower court have dismissed the complaint?

This action is brought under Chapter 204, Laws of Montana, 1955, which amended section 84-4502, R.C.M. 1947, and both questions depend upon its interpretation. The first question involves that portion of the above section, reading: "* * * provided, that any action instituted to recover any license or tax paid under protest shall be commenced *and summons served* within sixty (60) days after the date of payment of the same." (The amendment of 1955 is italicized).

Appellants argue that the provision as to the service of summons is merely directory. Our court in the case of Dolenty v. Broadwater County, 45 Mont. 261, 266, 122 Pac. 919, 921, has construed this type of statute stating: "The right to sue for taxes paid under protest is purely statutory. Without the statute, the right would not exist. The same statute which confers the right, fixes the time within which it must be exercised and the grounds upon which the right may be asserted. To one situated as Dolenty was, who had appeared before the board and had been unsuccessful in his contest there, the statute prescribes three conditions to his right to maintain an action to recover back the taxes paid upon the increased assessment, viz: (1) The tax must have been paid under protest; (2) he must allege the same grounds of complaint in his action as he urged before the board; and (3) he must have commenced his action on or before November 30th of the year in which such tax was paid. There is not any distinction made as between these several provisions. If the existence of any one of these facts is a condition precedent to plaintiff's right to maintain her action, the existence of each of the others is equally so. * * * We do not see any reason for saying that the same rule should not apply as to the third provision".

Thus, where the right of action and the conditions for bring-

■ ing the same are contained within the same statute, compliance with the conditions is a condition precedent and must be fulfilled to preserve the right.

The Legislature, by its amendment in 1955, inserted the words ■ "and summons served" thus making an additional condition to be fulfilled by any taxpayer bringing an action to recover any license or taxes paid under protest. The statute makes no distinction as to importance between either of the conditions set forth. The sixty day limitation applies to both, commencing the action and serving the summons.

If we were to accept appellants' argument that the serving ■ of summons is directory only, then the amendment made by the Legislature in 1955 would achieve nothing. But "It will be presumed that the Legislature in amending an existing law intended to make some change therein and therefore the courts will endeavor to give some effect to the amendment". Mitchell v. Banking Corporation, 95 Mont. 23, 27, 24 Pac. (2d) 124, 125.

Appellants make the further contention that Chapter 204, Laws of Montana, 1955, is unconstitutional as being in contravention of section 23, of Article V of the Montana Constitution which provides:

"No bill, except general appropriation bills, and bills for the codification and general revision of the laws, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

The title of Chapter 204, Laws of Montana, 1955, reads as follows:

"An Act to Amend Section 4502 of Title 84 of the Revised Codes of Montana, 1947, Relating to Payment of Taxes Under Protest and Action to Recover and Repealing All Acts or Parts of Acts in Conflict Herewith."

The Montana Supreme Court, has on numerous occasions, con- ■ strued the requirement of section 23, Article V of the Mon-

tana Constitution. One of the later cases on this subject is Lodge v. Ayers, 108 Mont. 527, 532, 91 Pac. (2d) 691, 694, wherein the court laid down the following rule: "All that is required to meet the constitutional provision, Art. V, section 23, is that the 'act shall be germane to the subject expressed in the title. It is not necessary that the title shall embody the exact methods of application or procedure, where the general object is plainly expressed.' Arps v. State Highway Comm., 90 Mont. 152, 171, 300 Pac. 549, 557; * * *."

In the instant case, the title to Chapter 204, supra, is practically identical with the heading of section 84-4502, as the same is stated in the 1947 Codes, to-wit: "84-4502. Payment of taxes under protest—action to recover."

Under the heading of this amendment, the Legislature had the right to set forth the requirements of such an action without mentioning them in the title, particularly as this statute is known to be a statute giving a right not known in the common law. The Legislature and all other interested persons would know from the title that the body would contain requirements for maintaining the action. Thus, the title of the bill for the amendment being in the words of the statute to be amended, section 84-4502, which contained the provisions and conditions imposed originally, the Legislature and others interested were apprised of the fact that the amendment might include, as it did, additional requirements. Any person contemplating the bringing of such an action was put on guard by reference to the title which pertained to, "action to recover" taxes paid under protest, being the only statute so providing. See also In re Terrett, 34 Mont. 325, 332, 86 Pac. 266, 267; State v. Driscoll, 101 Mont. 348, 353, et seq., 54 Pac. (2d) 571; State v. Duncan, 74 Mont. 428, 436, 240 Pac. 978; State v. Courtney, 27 Mont. 378, 385, 71 Pac. 308.

Thus, having decided that the lower court was correct in quashing and setting aside the service of summons upon the defendant, State Board of Equalization, the second question

remains: Should the lower court have dismissed the complaint? This question involves the interpretation of that portion of said Chapter 204, Laws of Montana, 1955, reading:

"In all cases of levy of taxes, licenses or other demands for public revenue which are deemed unlawful by the party whose property is thus taxed, or from whom such tax or license is demanded or enforced, such party may before such tax or license becomes delinquent pay under written protest such tax or license, or any part thereof, deemed unlawful, to the officers designated and authorized to collect the same, *specifying the grounds of protest;* and thereupon the party so paying, or his legal representatives, may bring an action in any court of competent jurisdiction against the officers to whom said license or tax was paid, or against the county or municipality in whose behalf the same was collected, *and the state board of equalization, which shall be served with summons and copy of the complaint,* to recover such tax or license, or any portion thereof, paid under protest; * * *" (The amendment of 1955 is italicized).

The lower court, in making its order dismissing the complaint, must have interpreted said section to require the State Board of Equalization to be a necessary party defendant to the action.

The statute plainly grants the taxpayer a choice of bringing the action against the officer to whom said tax was paid *or* against the county in whose behalf the same was collected and the State Board of Equalization. Applying correct English grammar in construing the wording of the statute we find two distinct phrases, namely, "against the officers to whom said license or tax was paid" and "against the county or municipality in whose behalf the same was collected, and the State Board of Equalization". Each phrase modifies the predicate "may bring" and the conjunction "or" gives the taxpayer a choice between these two alternatives. Only the second alternative includes the State Board of Equalization because the

554

conjunction "and" joins the State Board of Equalization to what immediately precedes it and creates one continuous line of thought.

This interpretation is logical and clear, but we realize that the amendment likely was meant to give the State Board of Equalization notice of this type of action. However, if this be true, the draftsmanship of the amendment did not accomplish that purpose.

Here the taxpayers chose to bring their action against the ▇▇▇ officer to whom the tax was paid, i. e., treasurer of Cascade County, and thus, the court, even though the summons served on the State Board of Equalization was quashed and set aside, had before it the only necessary party defendant required by the statute, so no reason exists for dismissing the action. The action is remanded to the district court for further proceedings consistent with this opinion.

MR. CHIEF JUSTICE HARRISON, and· MR. JUSTICES ADAIR, ANGSTMAN and CASTLES concur.