MARHOEFER PACKING COMPANY, INC. *v.* INDIANA DEPARTMENT
OF STATE REVENUE.

[No. 2-1072A88. Filed September 13, 1973. Rehearing denied
October 18, 1973. Transfer denied February 21, 1974.]

506

*Theodore D. Nering, III, Dutton, Kappes & Overman,* of Indianapolis, *William F. Radcliff, DeFur, Voran, Hanley, Radcliff & Reed,* of Muncie, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

SULLIVAN, J.—Plaintiff-appellant Marhoefer Packing Company, Inc. (Marhoefer) appeals from a judgment of dismissal pursuant to Rule TR. 12(B) (6). The litigation concerns the application of the Indiana Gross Income Tax Act, IC 1971, 6-2-1-1, Ind. Ann. Stat. § 64-2601 *et seq.* (Burns 1972 Supp.).[1]

---

1.   Amendments to the Statute in 1971 did not affect the provisions with which we are concerned.

Marhoefer is an Indiana corporation engaged in the sale of stocks of groceries to retail food establishments. The amount of taxes for which Marhoefer was liable under the Act, insofar as here pertinent, depended upon whether in tax years 1965, 1966 and 1967, Marhoefer came within the definition of "wholesale grocer" as defined by IC 1971, 6-2-1-1, Ind. Ann. Stat. § 64-2601(s) (Burns 1961) [hereinafter cited as 2601(s)] which provides:

> "In the case of wholesale grocers who are engaged in the business of selling stocks of groceries, tobacco products and expendable household supplies, gross income shall be deemed to mean the gross earnings, computed upon an annual basis, which are derived from wholesale sales of stocks of groceries, tobacco products and expendable household supplies to retail food establishments, and such wholesale grocers shall be subject to the rate of taxation as prescribed in section 3(f) [§ 64-2603(f)] of chapter 50 of the Acts of the Indiana general assembly of 1933, as the same has been amended; Provided, That for the purpose of this subsection only gross earnings shall be construed to mean the gross receipts derived from the sale at wholesale of stocks of groceries, tobacco products and expendable household supplies which are customarily sold through retail food establishments less the cost of the stocks of groceries, tobacco products and expendable household supplies sold during such period, without any deductions of any other kind or character."

The Indiana Department of State Revenue (Department) in 1961 promulgated Instruction 4-154 which interpreted § 2601(s) in such a manner as to excluded Marhoefer's business operation from the definition of "wholesale grocer." In reliance upon this interpretation, in 1965, 1966 and 1967, Marhoefer "voluntarily"[2] paid taxes in amounts greater than would have been due had it been deemed a wholesale grocer.

On December 22, 1971, the Appellate Court of Indiana decided *Indiana Dept. of State Revenue* v. *Stark-Wetzel & Co.*

---

2. Payment was voluntary in the sense that Marhoefer did not contest the Department's interpretation of 2601(s).

(1971), 150 Ind. App. 344, 276 N.E.2d 904 which Marhoefer contends held, in affirming a judgment of the trial court, that the Department's Instruction 4-154 incorrectly interpreted § 2601(s) and that in fact Marhoefer for the years in question should have been considered a wholesale grocer.

Relying apparently upon the trial court decision in the *Stark-Wetzel* case,[3] Marhoefer on June 30, 1971, filed a petition with the Department for refund of a portion of the taxes paid in 1965, 1966 and 1967. Upon the Department's denial of this petition, Marhoefer filed its complaint in the Delaware Circuit Court seeking recovery of the amounts allegedly overpaid.

The Delaware Circuit Court dismissed Marhoefer's complaint pursuant to a Trial Rule 12(B)(6) motion upon the grounds that IC 1971, 6-2-1-19, Ind. Ann. Stat. § 64-2614a(a) (Burns 1961) required that a refund petition be filed within three years after payment of the tax; that it was in effect a statute of limitations and as such barred Marhoefer's civil action.

Two issues are presented for review:

1. Does IC 1971, 6-2-1-19, Ind. Ann. Stat. § 64-2614a (Burns 1961) (hereinafter cited as § 2614a) constitute the exclusive remedy available to a taxpayer for recovery of taxes paid?

2. Does the three year time requirement applicable to the filing of a refund petition constitute a statute of limitations upon, or a condition precedent to, the filing of a civil suit?

---

3. Marhoefer states it first became aware of the decision in the *Stark-Wetzel* case in May, 1971. We assume this awareness makes reference to the trial court's judgment on March 15, 1971 (Cause No. C69-425, Marion County Circuit Court) which decision was later affirmed by the Court of Appeals December 22, 1971.

## § 2614a IS THE EXCLUSIVE REMEDY FOR RECOVERY OF TAXES PAID

§ 2614a contains four sections [(a), (b), (c) and (d)] as follows:

"(a) If any person considers that he has paid to the department for any year an amount which is in excess of the amount legally due from him for that year under the terms of this act [§§ 64-2601—64-2631], he may apply to the department, by petition in writing, at any time within three (3) years after the payment for the annual period for which such alleged overpayment has been made, for a correction of the amount so paid by him to the department, and for a refund of the amount which he claims has been illegally collected and paid. In such petition, he shall set forth the amount which he claims should be refunded, and the reasons for such claim. The department shall promptly consider such petition, and may grant such refund in whole or in part, or may wholly deny the same. If denied in whole or in part, the petitioner shall be forthwith notified of such action of the department, and of its grounds for such denial. The department may in its discretion, grant the petitioner a further hearing with respect to such petition. Any person improperly charged with any tax provided for under the terms of this act, and required to pay the same, may recover any amount thus improperly collected, together with interest, in a civil action or suit against the department in the circuit or superior court of the county of his residence or business location and if he has no such residence or business location, then in the Marion circuit or superior court. The state hereby consents to such suits in said courts and no others and said courts are hereby granted exclusive jurisdiction of said suits: Provided, however, That except as hereinafter provided, no court shall have jurisdiction over any such suit unless the taxpayer shall show that the complaint therein was filed within three (3) months after he shall have received notification of the action of the department denying said petition for refund in whole or in part. In the event that the department shall take no action upon such petition for refund within six (6) months after the same shall have been filed, the taxpayer may elect to institute such suit for refund at any time thereafter, but not more than three (3) months after such claim shall have been denied in

whole or in part, in no event more than three (3) years from the date of the filing of the claim for refund. Any such petition shall be subject to the provisions of section 11 (b) [64-2611]. In every such action, a copy of the complaint shall be served upon the department, with the summons, which summons shall be so served at least thirty (30) days before the return date thereof. It shall not be necessary for any taxpayer to protest against the payment of the tax in order to maintain such suit. In any suit to recover taxes paid, or to collect taxes, imposed under the provisions of this act, the court shall adjudge costs to such extent and in such manner as may be deemed equitable.

(b) Either party to such suit shall have the right to appeal, as now provided by law in civil cases. In the event a final judgment is rendered in favor of the taxpayer in a suit to recover illegal taxes, then it shall be the duty of the state auditor, upon receipt of a certified copy of such final judgment, to issue a warrant directed to the treasurer in favor of such taxpayer, to pay such judgment out of any funds in the state treasury not otherwise appropriated.

(c) It shall be the duty of the attorney-general to represent the department, and/or the state of Indiana, in all legal matters or litigation, either criminal or civil, relating to the enforcement, construction, application and administration of this act.

(d) No injunction to restrain or delay the collection of any tax claimed to be due under the provisions of this act shall be issued by any court, but in all cases in which, for any reason, it be claimed that any such tax about to be collected is wrongful or illegal in whole or in part, the remedy, except as otherwise expressly provided in this act, shall be by payment and action to recover such tax as provided in this section. [Acts 1933, ch. 50, § 14A, as added by Acts 1955, ch. 165, § 2, p. 330.]"

§ 2614a(a) contains the provisions for the refund of taxes paid. Marhoefer contends that § 2614a(a) was not intended to be the sole remedy of a taxpayer and cites *Dept. of Treasury* v. *Ridgely* (1936), 211 Ind. 9, 4 N.E.2d 557 as supporting authority.

The *Ridgely* case concerned an attempt by a taxpayer to enjoin the collection of taxes which the taxpayer considered illegal. The taxpayer had submitted his return and paid the amount he thought due. The Department of Treasury demanded additional taxes. The court stated that a taxpayer may use injunctive procedures to protect himself against an imposition of an illegal tax. The premise upon which the court based its decision was that remedies provided in the Indiana Gross Income Tax Act were not exclusive. At the time of the *Ridgely* case, all provisions for refunds of taxes paid were contained in Ind. Ann. Stat. § 64-2612 (Burns 1933).

In 1937, the General Assembly revised the refund remedies of the Indiana Gross Income Tax Act. § 2612 of the 1933 Statute contained sections (a), (b), (c) and (d). Sections (a), (b), and (c) were modified, then transferred to newly enacted § 2614. Section (d) was modified but remained in § 2612. Thus, § 2612 of the 1937 statute contained provisions for the Department of Treasury to reassess a taxpayer and for the taxpayer to object to any improper reassessment while § 2614 contained provisions for remedies to a taxpayer for refund of taxes already paid. In addition to sections (a), (b) and (c) in § 2614, an entirely *new* section (d) was added as follows:

> "No injunction to restrain or delay the collection of any tax claimed to be due under the provisions of this act shall be issued by any court, but in all cases in which, for any reason, it be claimed that any such tax about to be collected is wrongful or illegal in whole or in part, the remedy, except as otherwise expressly provided in this act, shall be by payment and action to recover such tax as *provided in this section.*" (Emphasis supplied)

From 1937 to the present, only minor changes have been made in the refund provisions of the Indiana Gross Income

Tax Act.[4] Marhoefer contends that § 2614a (d) as added by the 1937 General Assembly was a legislative response to the *Ridgely* decision but that according to *State ex rel. Ind. Dept. of State Revenue* v. *Marion Circuit Court* (1971), 255 Ind. 501, 265 N.E.2d 241, the *Ridgely* case is still viable law insofar as it held that a taxpayer is not restricted exclusively to the remedy provided in § 2612, i.e., the remedy now set forth in § 2614a(a). Thus, Marhoefer says the only restriction that 2614a(d) places upon the taxpayer is that he may not enjoin the collection of the tax.

Marhoefer's interpretation lacks persuasiveness and logic because it ignores that portion of § 2614a(d) which clearly states:

"... [T]he remedy, except as otherwise expressly provided in this act, shall be by payment and action to recover such tax as provided in this section."

If we were to accept Marhoefer's view, an anomaly would be created whereby a taxpayer who has paid the tax and is seeking a refund would have no limitation upon his remedies since § 2614a(a) is not exclusive, while a taxpayer who has not paid the tax and wishes to object to its collection would be required under § 2614a(d) to pay the tax yet be limited to the remedies as provided in § 2614a(a).

A logical interpretation which expresses the legislative intent and avoids absurdity renders the remedies of the statute exclusive. The rule is that where the Legislature creates a right and prescribes a remedy or method whereby the right may be enforced, the statutory remedy is exclusive. *Bd. of Comm. of Boone County* v. *Alder* (1922), 77 Ind. App. 296, 133 N.E. 602. This view

4. Minor changes were made to § 2612 in 1947, 1951, and 1971 but it still remains the basic section of the Act for the Department of Treasury to make a tax reassessment when the Department discovers an improper return. Changes have also been made to § 2614 in 1945 and 1947. In 1955, § 2614 was repealed and replaced almost verbatim by § 2614a.

we believe is expressed in the *Marion Circuit Court* case by Justice DeBruler:

> "It is clear that the remedy thus provided by the Legislature is and is intended to be the sole and exclusive remedy available to question the legality of the imposition of a tax under the Indiana Gross Income Tax Law." 265 N.E.2d at 243.

We hold that the statutory remedy is exclusive regardless of whether the taxpayer is requesting a refund or is questioning the legality of the imposition of the tax.

## THE THREE YEAR TIME REQUIREMENT OF § 2614a(a) WITH RESPECT TO FILING OF A REFUND PETITION IS A CONDITION PRECEDENT TO MARHOEFER'S RIGHT TO FILE SUIT IN THE CIVIL COURT

Marhoefer states that the three year time provision does not apply to its civil action in Delaware Circuit Court because § 2614a(a) is divided into two provisions each containing a separate remedy. The first fifteen lines, it is argued, embrace the first remedy which concerns *overpayment* of taxes lawfully due. Marhoefer concedes that in this situation the taxpayer must petition the Department for a refund within a three year period after the payment of the disputed tax. Marhoefer asserts, however, that the portion of the statute after the first fifteen lines contains the second remedy, which is for *improper charging* of a tax, permitting the taxpayer to bring a civil action after complying with the following jurisdictional prerequisites:

1. A complaint filed within three months after receiving a denial by the Department for a petition for refund; or

2. If the Department takes no action on a petition for refund, then the complaint may be filed anytime after six months but within three years of the date of filing the petition for refund.

Advancing this dichotomous interpretation, Marhoefer contends that a petition for refund may be made at any time with the Department provided the petition is phrased as a request for a refund of improperly imposed taxes, and not as a refund for overpayment.

Acceptance of this view of § 2614a(a) would compel disregard for the references made between, and the interrelation of, the two alleged separate sections. For example, the "second" portion of the statute makes no reference to a petition for refund until it states:

> ". . . That except as hereinafter provided, no court shall have jurisdiction over any such suit unless the taxpayer shall show that the complaint therein was filed within three (3) months after he shall have received notification of the action of the department denying *said* petition for refund in whole or in part." (Emphasis supplied)

The only previous point at which "said" petition for refund is mentioned is in the alleged first section of the provision which states:

> ". . . The department shall promptly consider *such* petition, and may grant such refund in whole or in part, or may wholly deny the same. If denied in whole or in part, the petitioner shall be forthwith notified of such action of the department, and of its grounds for such denial." (Emphasis supplied)

"Such" petition obviously makes reference to one which has been filed in writing and in conformity with the statutory prerequisites, i.e., within three years of the payment of the tax.

A statute is passed as a whole. Consequently each part or provision thereof must be construed in connection with every other part or provision. 2 Sutherland, Statutory Construction § 4703, p. 336 (3d Ed. 1943).

We find no distinction of value in Marhoefer's contention that the use of the words "amount . . . in excess of the amount

legally due" (overpayment) and the words "improperly charged with any tax" (improper charging) at different positions in § 2614a(a) impart a difference in meaning such as to give rise to alternative or separable remedies. We believe the phrases are interchangeable and convey an intent to provide but one procedure for refund of taxes paid.

In either event the taxpayer has paid in excess of what is legally due and he is bound to *first* attack the illegally imposed tax by use of the administrative refund procedures of the statute.

Marhoefer goes to great length to argue that the words:

". . . [h]e may apply to the department, by petition in writing, at any time within three (3) years after the payment for the annual period for which such alleged overpayment has been made. . . ."

do not impose a statute of limitations upon the taxpayer because these words lack the normal indicia of a statute of limitations. Marhoefer in essence is saying that a taxpayer may bring a petition for refund at any time and that the words of the legislature have no limiting function unless they refer to the "first" remedy of his alleged dichotomy.

A cardinal rule in interpreting a statute is to ascertain and give effect to the legislative intent of the act. *Engle* v. *City of Indianapolis* (1972), 151 Ind. App. 344, 279 N.E.2d 827. Another principle of construction is that no part of the statute is to be held meaningless. If possible, effect and meaning must be given to every word and clause of the Act. *Coombs* v. *Cook* (1958), 238 Ind. 392, 151 N.E.2d 144; *Dougherty* v. *State Dept. of Public Welfare* (1953), 233 Ind. 213, 117 N.E.2d 651.

Since we do not accept Marhoefer's dichotomous approach, the only way in which the statute can be given meaning, without disregarding the language altogether, is to limit

the time upon which a taxpayer may petition for a refund to three years. This view is consonant with avoidance of stale and fiscally disruptive claims. If no time limitation were placed upon refund claims, budgetary and fiscal planning would be rendered unduly difficult in that the amount of revenue available at any given time to defray the expenses of government would be uncertain as subject to stale claims.

As ably stated in *William McCullough Tr. Co.* v. *Division of Motor Veh.* (1971), 113 N. J. Super. 353, 273 A. 2d 786, 789:

> "Limitation periods for claims for refunds are common administrative provisions found in tax legislation and justified by the need for predictability of revenues by public agencies."

In effect, Marhoefer seeks blanket, unrestricted and retroactive application of the *Stark Wetzel* decision without regard to the statutory requirements herein discussed. Marhoefer strongly urges that he could not file a claim for refund because he did not know that his right to do so had accrued until his position as a wholesale grocer had been determined by the decision in the *Stark Wetzel* case.

It must be noted that *Stark Wetzel* timely asserted its attack upon the Department's definition of "wholesale grocer" and benefited from such legal perspicacity. Reliance upon the Department's Instruction construing the term "wholesale grocer" affords no legal solace to Marhoefer. Marhoefer by failing to question the validity of that administrative construction of the statute permitted the three year refund period to elapse. Its lack of diligence in assessing its legal position, or pursuing appropriate remedies and its acquiescence in the Department's interpretation of the statute does not warrant disregard for the clear dictates of the statute. As stated in *Suburban Department Stores* v. *East Orange* (1957), 47 N. J. Super 472, 136 A. 2d 280, 284, which involved a belated refund where the claimant relied upon the result of litigation to which he was not a party:

". . . [the taxpayer] brought the present action after having slept on its rights for almost four years. The point here is not one of laches: the express provisions of the cited statutes and rule themselves now preclude the pursuit of any remedy thereunder. They demonstrate a strong public policy that actions contesting the assessment of taxes should be brought promptly within the specified periods of time. Having failed to take appropriate and timely action, plaintiff has forfeited any right it may have had to relief."

The Supreme Court of Florida in *State ex rel. Victor Chemical Works* v. *Gay* (Fla. 1954), 74 So. 2d. 560 likewise dealt with an issue similar to that before us, i.e., a taxpayer alleging that he could not file for a refund because he did not know his right to do so had accrued until the outcome of another party's litigation determined the legality of the tax. The Florida Supreme Court stated:

"The taxpayer had the right to pay the tax and then seek refund after it was paid and bring a mandamus action to have the validity of the statute tested and to direct a refund of the taxes paid. The taxpayer was not required to wait until some stranger to him brought a proceeding to test the validity of the statute. It could have brought a single proceeding to determine the validity of the tax and for a refund. It knew that the tax had been imposed. It knew that it had paid the tax. It knew that it had the right to file an application for refund and if brought in time, a mandamus proceeding is one of the correct proceedings to determine the validity of the tax. It failed to file any claim or take any action within one year of the time of the payment which is the time of the accrual of the right in this case and the claim involved is now barred by F.S. Section 215.26, F.S.A." 74 So. 2d at 564-565.

Marhoefer also argues that it is entitled to equitable relief and bases its contention on its dichotomous analysis of § 2614a(a), asserting that it is not rational to impose a limitation of any period of time on claims for refund of "improperly" charged taxes. To support its claim for equitable relief, Marhoefer cites *Bull* v. *U. S.* (1935), 295 U. S. 247, 55 S. Ct. 695, 79 L. Ed. 1421. Without

again referring to our rejection of Marhoefer's dichotomous interpretation of § 2614a(a), we believe that the Supreme Court of Alabama in *Hamm* v. *Harrigan* (1965), 278 Ala. 372, 178 So. 2d 529, 537 properly met a similar contention:

"In *Bull* v. *United States*, 295 U. S. 247, 55 S. Ct. 695, 79 L. Ed. 1421, the court considered the case of the estate of a taxpayer against which the government asserted claims for both income and estate taxes. Through mistake, the government collected more estate tax than was due. Taxpayer paid the tax and time for bringing a proceeding for refund expired. Subsequently, however, the government brought a new proceeding arising out of the same transaction, for income tax. The court held that taxpayer could, in the latter proceeding, recoup the excess estate tax he had paid, although an independent proceeding for refund was barred by the statute of limitations. The taxpayer's right to recover was rested solely on the bringing of the latter suit. As to what would have been the situation if the latter suit had not been brought, the court had this to say:

'In a proceeding for the collection of estate tax, the United States through a palpable mistake took more than it was entitled to. Retention of the money was against morality and conscience. But claim for refund or credit was not presented or action instituted for restitution within the period fixed by the statute of limitations. If nothing further had occurred, congressional action would have been the sole avenue of redress.' (295 U. S. at pages 260, 261, 55 S.Ct. at page 700)

In the case at bar no second suit has been brought against the taxpayer and there is no suit in which he may be permitted to recoup or offset the excess tax he has paid."

Although both the Department and Marhoefer have referred to the time limitation provision of the statute as a statute of limitations, the provision in fact creates a condition precedent to the statutory right of refund. The legislature may make the very existence of the right of recovery dependent upon the petition for refund being made within three years from the date the taxes are paid. A statute of limitations does not create or extinguish a

right. It only places limitations upon a remedy which may be tolled or waived. The limitation in the instant case, however, is a condition essential to the existence of the right and cannot be tolled or waived.

As noted in *Van Tighem* v. *Linnane* (1960), 136 Mt. 547, 349 P. 2d 569, 571:

> "Thus, where the right of action and the conditions for bringing the same are contained within the same statute, compliance with the conditions is a condition precedent and must be fulfilled to preserve the right."

Consideration of the Indiana Workmen's Compensation Law and the construction placed thereon is of interpretive benefit in this case. IC 1971, 22-3-3-3, Ind. Ann. Stat. § 40-1224 (Burns 1965) provides a two-year limitation for bringing actions for workmen's compensation. This limitation has been construed as a statute of non-claim as opposed to a statute of limitations. *Wawrinchak* v. *U. S. Steel Corp.* (1971), 148 Ind. App. 444, 267 N.E.2d 395; *Oberg* v. *D. O. McComb & Sons* (1956), 127 Ind. App. 278, 141 N.E.2d 135; *Railway Express Agency* v. *Harrington* (1949), 119 Ind. App. 593, 88 N.E.2d 175. The *Oberg* case states:

> "It has been held by our court that the limitation of time for filing a claim under the Workmen's Compensation Act is a condition precedent to the right to maintain the action; that it affects the right and not the remedy; and that the burden of proving the claim was filed within the statutory period rests with the claimant." 141 N.E.2d at 137.

Similarly the Indiana Probate Code, IC 1971, 29-1-7-17, Ind. Ann. Stat. § 7-117 (Burns 1953), contains provisions for contests of wills to be made within six months after the will is offered for probate. This time limitation is also a condition precedent to the right of contest. 1 Henry's Probate Law and Practice, ch. 8, § 4, p. 230 (6th Ed. 1954) states:

> "The right to resist or contest probate is purely statutory. Hence, the time given in which probate may be resisted

is not a statute of limitations, but a time within which a right must be exercised to exist at all. Therefore, since there is no provision under the Probate Code, as there was under the former statutes, saving the rights of those under disabilities, all are barred if the action is not instituted within six months after the will is offered for probate."

Decisions in other jurisdictions holding that the time limitation in a tax refund statute is a condition precedent to recovery include: *Curry* v. *Johnston* (1942), 242 Ala. 319, 6 So. 2d 397; *State ex rel. Victor Chemical Works* v. *Gay, supra; Dept. of Conservation* v. *Co-De Coal Co.* (Ky. 1964), 388 S.W.2d 614; *Van Tighem* v. *Linnane, supra; In Re Blatt* (1937), 41 N.M. 269, 67 P. 2d 293; *Thirst Quenchers of Ohio* v. *Glander* (Ohio 1946), 47 Abs. 175, 68 N.E.2d 671; *Protest of St. Louis-San Francisco Ry. Co.* (1933), 166 Okl. 50, 26 P. 2d 212; *Stelter* v. *Calvert* (Tex. 1970), 456 S.W.2d 202. *See also: Committee for Betterment of Detroit Beach* v. *Kurtz* (1959), 355 Mich. 292, 93 N.W.2d 922; *Calvert Distillers Corp.* v. *Bd. of Finance and Rev.* (1954), 376 Pa. 476, 103 A. 2d 668; *American Steel & Wire Co. of New Jersey* v. *State* (1956), 49 Wash. 419, 302 P. 2d 207; *Waukesha Deveolpment Corp.* v. *City of Waukesha* (1960), 10 Wisc. 2d 621, 103 N. W. 2d 668.

The rationale for such holdings is represented by the following language from *In Re Blatt, supra,* 67 P. 2d 293, 298-299:

"If the Legislature especially empowers the court to give relief against erroneous judgments of assessing bodies, then the court may act to give such relief. However, the court can only act in the manner provided by the statute and under such conditions as are prescribed by the statute. If a right is granted to an aggrieved taxpayer to recover taxes paid under protest, and a remedy is provided, the right must be exercised in the manner provided by the statute and the remedy must be sought in like manner.

'The rule is well settled in this country that whenever a statute grants a right which did not exist at common law, and prescribes the time within which the right

must be exercised, the limitation thus imposed does not affect the remedy merely, but is of the essence of the right itself, and one who seeks to enforce such right must show affirmatively that he has brought his action within the time fixed by the statute; and if he fails in this regard he fails to disclose any right to relief under the statute. (Citations omitted)

'In *Finnell* v. *Southern Kan. Ry. Co.* (C.C.) 33 F. [427] 428, the court said:

"There is also another class of cases in which a cause of action which does not exist at common law is created by the laws of a state. Causes of action of that character only exist in the manner and form and for the length of time prescribed by the statutes of the state which created them."

'In speaking of a statute very similar to the one now before us, the Supreme Judicial Court of Massachusetts, in *Wheatland* v. *City of Boston*, 202 Mass. 258, 88 N.E. 769, said:

"It is to be observed that this is not a mere statute of limitations. It establishes certain conditions precedent to the maintaining of an action to recover back a tax. One of these is, in substance, that the payment must have been made under protest, or under certain modes of compulsion mentioned in the statute; the other is that the action shall have been brought within the time specified. Compliance with the latter of these conditions is no less essential to the right of action than compliance with the former." ' *Dolenty* v. *Broadwater County*, 45 Mont. 261, 122 P. 919, 922."

We readily recognize that all time period limitations upon the assertion of a legal right have an inherent capability of working inequities in particular cases. We do not believe, however, that such eventuality obviates the necessity for observing clear-cut statutory requirements. In *State ex rel. Victor Chemical Works* v. *Gay, supra,* the Florida court noted:

"The recovery of illegally exacted taxes is solely a matter of governmental grace. In the absence of an authoritative statute, taxes voluntarily, although erroneously, paid can-

not be voluntarily refunded, although there may be justice in the claim.

\* \* \*

"A refund is a matter of grace and if the statute of non-claim is not complied with, the statute becomes an effective bar in law and in equity." 74 So. 2d, 560, 562.

Although we recognize that some jurisdictions have considered refund time limitations in their tax statutes as statutes of limitations, we do not believe that a similar interpretation on our part would alter the outcome of the case at bar. For example, in *Tucson Title Insurance Co.* v. *State Commission of Arizona* (1942), 59 Ariz. 334, 127 P. 2d 341, the Arizona court considered the time requirement in the tax statute as a statute of limitations. The *Tucson* case contained facts almost identical to the facts of the case at bar. In addition, the appellant in the *Tucson* case raised issues and contentions which duplicate many of the contentions made by Marhoefer. The Arizona Supreme Court in the *Tucson* case held that the appellant was barred by the statute of limitations. Accordingly, we note that, upon facts and issues almost identical to the present case, a jurisdiction adhering to the interpretation of a time limitation as a statute of limitations has barred recovery.

The fact that § 2614a(a) contains two different time requirements—one, a time limitation for bringing a petition for the refund and another for bringing a civil action in court, does not aid Marhoefer's claim. This is not at all an uncommon attribute of tax refund statutes. For example, in *Curry* v. *Johnston, supra,* the Supreme Court of Alabama, interpreting their refund statute observed:

"Many statutes fix limits for presenting claims, as a condition precedent to the right to sue, and a different limitation for bringing suit after taking the preliminary steps required." 6 So. 2d 397, 398.

We hold that the three year time provision of § 2614a(a) is a condition precedent to the right to a tax refund whether brought as a petition with the Department or as a civil suit in court.

A statute must be interpreted if possible to give efficient operation to *all sections* of the statute, *Dunkle* v. *State* (1961), 241 Ind. 548, 173 N.E.2d 657. Therefore giving effect to all sections of § 2614a [including § 2614a (a) and § 2614a(d)], we conclude the following: to dispute imposition of Indiana gross income tax, the taxpayer must first pay the tax. If the taxpayer wishes to further dispute any tax so paid or if a taxpayer wishes to dispute any tax voluntarily paid prior to realization or discovery of grounds for contest, he must petition the Department for a refund within three years of the disputed payment; if the Department denies the petition, the taxpayer may seek a judicial remedy by filing a complaint within three months of receiving notice of the denial or if the Department takes no action on the petition, then the taxpayer must file his complaint in court anytime after six months of the date of filing his petition for refund with the Department but not more than three years after the date of said filing.

*All* of these requirements must be met before a Court may entertain a civil action. Where the Legislature has by statute created a right, afforded a remedy and prescribed a procedure to be followed in connection with the remedy, that procedure must be strictly followed. *State ex rel. Young Metal Products, Inc.* v. *Lake Superior Court Room 5* (1970), 254 Ind. 285, 258 N.E.2d 853.

In the instant case, Marhoefer failed to file a petition for refund within three years of the disputed tax payment. Thus, Marhoefer has failed to meet the mandatory requirements to invoke the court's jurisdiction for judicial relief.

*Bryant* v. *Lake County Trust Co.* (1972), 152 Ind. App. 628, 284 N.E.2d 537 and *Cooper* v. *County Board of Review of Grant County* (1971), 150 Ind. App. 232, 276 N.E.2d 533 clearly hold that jurisdictional defects such as here considered constitute a lack of jurisdiction of the *subject matter* and are thus subject to a Motion to Dismiss pursuant to Rule TR. 12(B)(1). The subject matter contemplated by § 2614a(a) giving resort to the civil judicial process is a claim for tax refund which meets the statutory prerequisites hereinbefore discussed. If those prerequisites have not been met, a particular refund claim does not fall within the class of cases created by the statute and over which the civil courts have jurisdiction. Compare *Farley* v. *Farley* (1973), 157 Ind. App. 385, 300 N.E.2d 375. Although the court below dismissed the complaint in the mistaken assumption that Rule TR. 12(B)(6) was applicable rather than Rule TR. 12(B)(1), the fact remains that the complaint was properly dismissed.

We, therefore, affirm the judgment of dismissal.

Buchanan, P.J., not participating.

White, J. and Robertson, J. (sitting by designation) concur.

NOTE.—Reported at 301 N.E.2d 209.