No. 88-369

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

DOROTHY JEFFERSON,

           Plaintiff and Appellant,

    -vs-

BIG HORN COUNTY, and STATE OF
MONTANA,

           Defendant and Respondent.

_____

APPEAL FROM:  The District Court of the Thirteenth Judicial District,
           In and for the County of Big Horn,
           The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        D. Michael Eakin, Montana Legal Services, Billings,
        Montana

    For Respondent:

        James Yellowtail, County Attorney, Hardin, Montana
        David W. Woodgerd, Dept of Revenue, Helena, Montana
        Geralyn Driscoll, Dept of Revenue, Helena, Montana

_____

Submitted on Briefs:  Nov. 17, 1988

Decided:  December 13, 1988

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant commenced this action seeking declaratory relief from the payment of state real property taxes. On January 8, 1988, appellant filed an admission of fact, acknowledging the nonpayment of 1986 real property taxes. On March 15, 1988, the District Court entered its order denying the appellant's motion for summary judgment and dismissing the appellant's complaint. Rule 12(b)(6), M.R.Civ.P. The court's memorandum stated the appellant's failure to comply with the mandatory procedural requirement associated with the declaratory relief remedy as the basis for its dismissal. Section 15-1-406, MCA. Appellant's motion to amend the order was also denied. This appeal followed. We affirm.

The appellant, Dorothy Jefferson, is an enrolled member of the Crow Tribe and the fee simple owner of a lot located in the Townsite of Crow Agency, Montana, within the exterior boundaries of the Crow Indian Reservation. The disputed lot is in Block 14, which was conveyed by the United States to School District No. 17-H, Big Horn County, by fee simple patent dated June 10, 1922. Appellant thereafter obtained the land in the course of normal business transactions.

Respondents, Big Horn County and the State of Montana, assessed real property taxes against appellant's lot. The 1986 taxes have not been paid and are delinquent. This Court notes the total tax involved for the year in question was $0.86 cents.

Appellant presents two issues for our review:

1. Must a member of the Crow Tribe residing on the Crow Reservation pay a state tax while contesting that tax?

2

2. Do the state and counties have jurisdiction to tax land on the Crow Indian Reservation held in fee simple by a member of the Crow Tribe?

This appeal may be fully disposed of by an analysis of appellant's first issue. Therefore, we will not address the jurisdictional challenge raised by appellant's brief.

The standard of review is clear:

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Busch v. Kammerer (1982), 200 Mont. 130, 132, 649 P.2d 1339, 1340, quoting Conley v. Gibson (1957), 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84.

The Montana Legislature has provided alternative means to challenge a property tax assessment. A taxpayer may elect to pay the disputed tax under protest, and appeal to the County and State Tax Appeal Boards. Title 15, chapters 2 and 15, MCA. Judicial review is afforded one aggrieved by the agency's final decision. Section 15-2-303, MCA. As an alternative to administrative remedies, a taxpayer may elect to seek a declaratory judgment in the district court. Section 15-1-406, MCA. Appellant proceeded under the second method, declaratory judgment.

Section 15-1-406, MCA, provides in pertinent part:

> (1) An aggrieved taxpayer may, in lieu of proceeding under 15-1-402, bring a declaratory judgment action in the district court seeking a declaration that a tax levied by the state or one of its

3

> subdivisions was illegally or unlawfully
> imposed or exceeded the taxing authority
> of the entity imposing the tax.
>
> (2) The action must be brought within 90
> days of the imposition of the tax . . .
>
> (3) The taxes that are being challenged
> under this section must be paid when due
> as a condition of continuing the action.
> (Emphasis added.)

Appellant's complaint, filed January 27, 1986, stated that she had been assessed a tax on real property owned within the Crow Reservation. Appellant sought declaratory relief from the imposition of such taxes, claiming the State was without jurisdiction to assess the tax. Prior to the entry of judgment, appellant filed an admission of fact, acknowledging the 1986 real property taxes upon her property were not paid by the date due. These facts indicate the statutory requirements for maintaining an action were not followed.

In Eagle Communications v. Flathead County (1984), 211 Mont. 195, 685 P.2d 912, this Court stated that a taxpayer must follow the conditions contained in the refund statute each year for which he seeks a refund, reviewing § 15-1-402, MCA. Although the present case involves the declaratory judgment statute, § 15-1-406, MCA, we find the rule enunciated equally applies:

> Where a right of action and the
> conditions for bringing the action are
> contained within the same statute,
> compliance with those conditions is a
> condition precedent which must be
> fulfilled to preserve the right.

Eagle Communications, 685 P.2d at 917, citing Van Tighem v. Linnane (1960), 136 Mont. 547, 550-51, 349 P.2d 569, 571.

Appellant did not comply with the statutory condition for bringing a declaratory judgment suit.

By reason of her status as a member of the Crow Indian Tribe, appellant contends she should be excused from the burden of prepayment. In support of her position, appellant points to our decision in LaRoque v. State (1978), 178 Mont. 315, 583 P.2d 1059, finding the tax refund procedure an impermissible intrusion on the plaintiff's rights. Reliance upon LaRoque is misplaced.

LaRoque involved two separate plaintiffs who sought a refund of state income taxes paid and to enjoin the collection of such taxes. Notably, appellant's argument focuses on the injunction phase of the case. Having never paid the tax, plaintiff did not seek a refund, but rather, sought to enjoin the state from collecting the tax. Upon our conclusion that the state lacked the power to tax income, we moved to determine an appropriate remedy.

> Plainly, to require [plaintiff] to go through the refund procedure would subject him to state authority to collect the tax which we now hold invalid. The refund procedure implicitly presupposes the state can intrude on an Indian's rights by collecting the tax before the remedy is made available. Since [plaintiff] lacks an adequate remedy at law, equitable injunctive relief is necessary.

LaRoque, 583 P.2d at 1065. The State's tax refund procedure provided an adequate remedy for the second plaintiff. LaRoque, 583 P.2d at 1065.

In the present case, we deal with a declaratory judgment action. While an injunction may issue absent prepayment, payment of tax due is a condition precedent in a

declaratory judgment action. We find appellant's status as a tribal member does not excuse compliance with the procedural requirements associated with declaratory judgment relief.

Affirmed.

_____
Justice

We concur:

_____
_____
William E Hunter
_____
_____
Justices